BEYER vs. VANDERKUHLEN.

*January 9 — February 3, 1880.*

HABEAS CORPUS: *Re-imprisonment of person released by: Statute construed.*

1. *It seems* that the provision of sec. 32, ch. 158, Tay. Stats. (sec. 3443, R. S.), that, if any person "shall knowingly recommit, imprison or restrain of his liberty, for the same cause," a person who has been discharged on *habeas corpus*, "or shall knowingly assist or aid therein," he "shall be liable to the party aggrieved" in a certain sum, and shall also be deemed guilty of a misdemeanor, does not apply to the case of a child taken by *habeas corpus* from the custody and control of one parent, on the petition of the other, to whom its custody has been awarded, and afterwards again detained in the custody of the parent first named.

2. If the statute applies to the case above defined, the "party aggrieved," in the sense of the statute, is the child so detained, and not the parent entitled to its custody.

APPEAL from the Circuit Court for *Fond du Lac* County. The substance of the complaint in this action is thus stated by Mr. Justice COLE:

"The action is brought to recover the penalty given by section 32, ch. 158, Tay. Stats., which declares, in substance, that if any person shall knowingly recommit, imprison, or restrain of his liberty, or cause to be recommitted, imprisoned, or restrained of his liberty, for the same cause (except as provided in the previous section), any person who shall have been discharged on *habeas corpus*, or shall knowingly aid or assist therein, he shall forfeit to the party so aggrieved $1,250, and shall also be deemed guilty of a misdemeanor. It appears from the complaint, that the plaintiff, by means of a writ of *habeas corpus*, obtained possession of his minor children, who were in the custody of Wilhelmina Beyer, the mother, as we are informed by the brief of defendant's counsel. And it is alleged that after the children had been adjudged and delivered to the plaintiff, the said Wilhelmina forcibly and unlawfully took them from his possession, and restrained them of their liberty; and that the defendant, well knowing the premises,

Beyer vs. Vanderkuhlen.

but unlawfully intending to defeat the order awarding the children to the plaintiff, did knowingly and unlawfully aid and assist said Wilhelmina in taking the children from the plaintiff, and in preventing him from having the custody of them. This is the gravamen of the complaint."

Defendant demurred to the complaint as not stating a cause of action; and plaintiff appealed from an order sustaining the demurrer.

For the appellant, there was a brief by *Coleman & Spence*, and oral argument by *Mr. Spence*. They insisted that the father was entitled to the custody of his minor children; that the order of the commissioner was valid; that the act of defendant obstructing the execution of such order was one by which the father, and he alone, was "aggrieved;" and that the penalty imposed by the statute was not only to punish the offender, but also to compensate the party aggrieved for any damage by him sustained. See secs. 3442 and 3443, R. S., one of which gives an action to the person "so detained," and the other to the person "aggrieved;" and see also sec. 3966, R. S., and *In re Goodenough*, 19 Wis., 274.

*E. S. Bragg*, for respondent.

COLE, J. We think the demurrer to the complaint was properly sustained.

It is insisted by the learned counsel for the defendant, that sec. 32, ch. 158, Tay. Stats., has no application to the contest of a parent, or a contest between parents for the custody of their children, but that the penalty attaches for the unlawful recommitment or imprisonment of a person who has once been delivered on *habeas corpus*. It is said that the evil intended to be prohibited was the imprisonment of the citizen over and over again for the same cause or pretended cause or offense, after an adjudication had been had that his restraint or imprisonment was unlawful; that the object of the statute was to protect the liberty of the citizen, and guard against oppres-

Beyer vs. Vanderkuhlen.

sion, by inflicting a penalty for knowingly recommitting a person once set at large. This position of counsel certainly derives great sanction from the language of the statute. The words "recommit" and "imprison" evidently refer to courts or magistrates, and imply some judicial or ministerial act on their part. True, the unauthorized absence of an infant from the legal custody of a parent has been treated, for the purposes of allowing the writ of *habeas corpus*, as equivalent to imprisonment; but the removal of the infant from the parent to whose custody it had been awarded, cannot be deemed a recommitment or imprisonment in any sense of the words.

The provision is a penal one, and must be strictly construed. And it seems to us it would be an unreasonable construction to say that the penalty attached to the acts of the defendant stated in the complaint. In this case the children had been awarded to the plaintiff by the order of the commissioner, and it was certainly wrong, and a violation of that order, for the defendant to aid the mother or any other person in taking the children from the plaintiff's custody. But that the defendant incurred the penalty by his conduct in that regard, is a position which, it seems to us, cannot be maintained. The thirty-second section is substantially the same as the sixth section of the act of the 31st Charles II. (4 Bacon's Abr., *Habeas Corpus*, B., p. 126); and we were not referred on the argument to any case, nor have we been able to find one, which extended the provision to a case like the one at bar. Perhaps we should not be justified in assuming, on the demurrer, that this was a contest between the father and mother for the custody of their children, though defendant's counsel so states in his brief. Of course, if this action will lie, one could be maintained against Wilhelmina Beyer, even if she were the mother. But the question as to the remedy of the father where his children, awarded to him on *habeas corpus*, have been unlawfully taken from his custody, has often arisen and been considered by the courts; and it is strange, if the professional

understanding was that the penalty extended to a case like the present, that a precedent for the action cannot be found. Penalties are not to be imposed without express words or necessary implication. *Hecker v. Jarrett*, 1 Binney, 374.

But if we are wrong on this point as to the meaning of the section, we fully agree with the defendant's counsel in the view that the plaintiff is not the party to recover the penalty, if an action in such a case could be maintained. The *person aggrieved* is surely the one who is recommitted or imprisoned after having been discharged. And if the penalty is given to any one, it is given to the child in his own right, and not to the father. The penalty is by way of indemnity to the person recommitted or reimprisoned after having once been discharged on *habeas corpus* for the same cause. "That the father has a legal and paramount right to the custody and services of his child will not in general be denied" *(In re Goodenough*, 19 Wis., 274); but this does not clothe the father with all the legal rights and remedies of the child. We do not wish to be understood as intimating that an action on behalf of the child could be maintained upon the facts stated in the complaint. But we do say we have no doubt that the penalty is given to the *person aggrieved*, and the *person aggrieved* is surely the one who is recommitted or imprisoned. Further comments would seem unnecessary to vindicate the correctness of this construction of the section.

*By the Court.* — The order of the circuit court is affirmed.