In re Crow: Habeas Corpus.

*March 26 — April 19, 1884.*

HABEAS CORPUS. *(1) Imprisonment beyond term: Jurisdiction. (2, 3) Conclusiveness of discharge: Rearrest.*

1. Where the petition for a writ of *habeas corpus* alleges imprisonment after the expiration of the term fixed by the sentence, a court commissioner may issue the writ and, upon the hearing, determine whether such term of imprisonment has expired; and until reversed his adjudication is conclusive.

2. The judgment of discharge on a writ of *habeas corpus* is final and conclusive, and cannot be reviewed, reversed, or annulled by an appellate court except upon *certiorari*.

3. While a judgment of discharge upon a writ of *habeas corpus* remains unreversed, no order for a rearrest and imprisonment for the same cause can be made.

HABEAS CORPUS. The principal facts in the case are stated in the opinion. The return of the sheriff to the writ in this court alleges, among other things, that the execution of the sentences of the circuit court was delayed until March 10, 1884, at the request of the petitioner and his attorney, and upon representations made by them that if time were given the petitioner would pay the fines and costs, and further that the petitioner was sick and that his wife was sick; that the fines and costs have not been paid, and that the petitioner has not suffered any imprisonment whatever upon said sentences except upon March 10 and 11, 1884, and from March 17 to the time of making the return, March 26, 1884. It alleges, also, that after the discharge of the petitioner by the court commissioner on March 11, 1884, the circuit court made an order directing the clerk to issue certificates of conviction pursuant to the original sentences, and directing the sheriff to forthwith take the petitioner into custody and confine him until the fines and costs were paid or until the period limited for his confinement had expired; that certificates of conviction were issued accordingly and placed in

the hands of the sheriff, March 18, 1884, and that he now holds the petitioner in custody under and by virtue of said certificates of conviction and sentences. The petitioner demurred to the return as insufficient.

*D. S. Rose,* for the petitioner, argued, *inter alia,* that it became the duty of the sheriff as soon as the sentences were pronounced to take the defendant into custody if he failed to pay the fines and costs forthwith. Barbour's Crim. Law, 373. The sentences began to run from their dates, and the day of sentence must be considered the first day of the term of imprisonment. *Prince v. State,* 1 Am. Crim. R., 545; Wharton's Crim. Pl. & Pr., sec. 924; *Ex parte Meyers,* 44 Mo., 279; Bishop on Stat. Crimes, sec. 218; *Comm. v. Keniston,* 5 Pick., 420. The court commissioner had jurisdiction. His decision that the term of imprisonment had expired did not disturb the·judgment of the circuit court, but merely determined its legal effect. If there was error in his decision it cannot be reviewed upon this proceeding, but only upon *certiorari;* and until reversed it is final.

For the sheriff there was a brief signed by the *Attorney General* and *J. G. Monahan,* District Attorney, and the cause was argued orally by *H. W. Chynoweth,* Assistant Attorney General:

1. The time of sentence did not expire seventy days from the date of the certificates of conviction, but it was in force until the defendant had actually been imprisoned in the county jail seventy days. *Dolan's Case,* 101 Mass., 219; *Cleek v. Comm.,* 21 Grat., 777; *Fults v. State,* 2 Sneed (Tenn.), 232; *State v. Cockerham,* 2 Ired. Law (N. C.), 204; *State v. Chancellor,* 1 Strobh. (S. C.), 347; *Comm. v. Haggerty,* 4 Brewst. (Pa.), 326; *State v. Fuller,* 1 McCord (S. C.), 178; *State v. Smith,* 1 Bailey (S. C.), 283; *State v. Addington,* 2 id., 517; *People v. James,* 2 Caines, 57; *People v. Potter,* 1 Parker's Crim. R., 47; *Miller's Case,* 9 Cow., 730; *State v. McClure,* Phillips (N. C.), 491; *Haggerty v. People,*

53 N. Y., 476; *S. C.*, 6 Lans., 332; 1 Bishop's Crim. Pr. (3d Ed.), 1310, 1384, and cases cited; Wharton's Crim. Pr. & Pl., 913, and cases cited. 2. The order of the court commissioner was absolutely void. Secs. 3408, 3410, subd. 2, 3427, R. S.; *In re Burger*, 39 Mich., 203; *Spalding v. People*, 7 Hill, 301; *S. C.*, 4 How., 21 (cited in 107 Mass., 171; 2 Hun, 234); *Cable v. Cooper*, 15 Johns., 152; *In re Yates*, 4 id., 318; *Yates v. Lansing*, 5 id., 282; *S. C.*, 9 id., 395; Wharton's Crim. Pr. & Pl., 996; *Comm. v. Deacon*, 8 Serg. & R., 72; Hurd on Hab. Corp., 340; *Wright v. State*, 5 Ind., 290; *Ex parte Robinson*, 6 McLean, 355; *Hollon v. Hopkins*, 21 Kan., 638; *State v. Smith*, 10 Nev., 106. If the order of the court commissioner were good and conclusive on this court, the order of recommitment is a valid and substantial order and precludes the discharge of the petitioner on this application. The judgment or order of the court commissioner discharging the petitioner could not be reversed on *certiorari*, unless it appeared from the record that he had no jurisdiction or exceeded his jurisdiction, in either of which cases his judgment or order would be void even as to a collateral proceeding. *Frederick v. Clark*, 5 Wis., 191. If the order of the court commissioner is valid there is no remedy.

ORTON, J. This is an original petition by *J. W. Crow* for a writ of *habeas corpus*, and for his discharge from imprisonment in the county jail of the county of La Fayette, and from the custody of the sheriff of said county. The petition was filed and the writ issued on the 18th day of March, 1884. By the petition, and the return of *Nelson Bower*, the sheriff of said county, the following facts of record appear:

On the 14th day of December, 1883, the petitioner was sentenced by the circuit court of La Fayette county, on four several convictions for misdemeanors, to pay fine and costs, and, if not paid *forthwith*, to be imprisoned in the county

jail, on the first conviction, for ten days; on the second, for ten days; on the third, for ten days; and on the fourth, for forty days; to be so imprisoned on the second after the termination of the first, on the third after the termination of the second, and on the fourth after the termination of the third, for the aggregate term of seventy days. The defendant was present in court when said sentences were pronounced, and on the same day the clerk of the court duly made his certificates of the said convictions and sentences, and the same came to the hands of said sheriff. On the 10th day of March, 1884, the said sheriff arrested the petitioner, and held him in custody in the county jail by virtue of said certificates; whereupon the said *Crow* presented his petition, reciting the above facts, to the Hon. John W. Blackstone, court commissioner of the circuit court for said county, for a writ of *habeas corpus*, and for discharge thereon from said imprisonment, alleging as the ground of such discharge, in respect to the first three of said sentences, "that, at the time of rendering said judgments by said court, he was present in open court and ready to enter upon the service of said terms of sentence, and did, in law, so enter upon the service of said terms of sentence, and that said terms of sentence expired, and that he became entitled to his discharge under said judgments and certificates of conviction on the expiration of the terms mentioned therein;" and in respect to the fourth of said sentences, "that (in addition to the above) said term of imprisonment *was fully served* and has completely expired." It is further stated in said petition "that the petitioner, since the rendition and entry of each and all of said several judgments, has been in the city of Darlington, in said county, upon the streets and in the public places, and has almost daily during said term met and conversed with said sheriff."

It may be noted here that there is nothing in this petition inconsistent with the fact that the petitioner had been im-

prisoned in the county jail upon those certificates of sentence for the full aggregate term of *seventy* days. (1) He was in the city of Darlington, upon the streets and in the public places, *since* the rendition and entry of the several judgments. This might have been long after he had been imprisoned in the jail for the full terms. (2) He almost daily, during said term, met and conversed with said sheriff. This he could have done *within* the county jail. But, besides there being nothing in the petition to show that the petitioner had not suffered his full term of imprisonment in the county jail, as to each of the first three sentences it is stated that he entered upon the service of said terms of sentence, and that said terms had expired, and as to the fourth that said term of imprisonment "was *fully served* and had completely expired."

The return to the first writ on this petition was simply that he, the said *Nelson Bower*, "imprisons and restrains said *John W. Crow*, as aforesaid, under and by virtue of four certain certificates of conviction and sentence, issued out of said court by the clerk thereof, December 14, 1883, in four separate actions of record in said court," etc. The certificates referred to are appended to the return the same as to the petition. On the hearing of this petition and return the honorable court commissioner discharged the petitioner on the 11th day of March, 1884.

The decision of this court upon the case made here, upon the petition and the return of the sheriff to the writ, must exclusively depend upon the question whether the commissioner had jurisdiction of the first writ to hear and decide the case made by the petition and return. The argument of this case was especially able on the part of the learned counsel of the petitioner, and, on behalf of the state by the learned assistant attorney general, Mr. Chynoweth, who not only made a very cogent argument, but presented and commented upon a very large number of cases, which he claimed

to be authority for his positions,— (1) that the commissioner had no jurisdiction whatever over the case; (2) that if he had jurisdiction to issue the writ, he had no lawful authority to discharge the petitioner; and that in either case his judgment was absolutely void, and not conclusive, or a bar to this second hearing upon *habeas corpus* of the same causes of imprisonment. He contends (1) that when it appeared by the petition that the petitioner " had been committed or detained by virtue of the final judgment or order of any competent tribunal of civil or criminal juris- diction, or by virtue of any execution issued upon such order or judgment," that it then appeared that the petitioner was " not entitled to prosecute such writ" according to sec. 3408, R. S., so providing. It might be a sufficient answer to this contention that the petitioner in that case did not claim that the circuit court had no jurisdiction to render judgment of sentence in those four cases of conviction, or that the cer- tificates of such convictions and sentences, as commitments of the petitioner in execution of the judgments, were not in every respect sufficient and valid, but that he claimed only that he had endured and suffered the full punishments and imprisonments thereon, and that he was imprisoned long after the full expiration of said terms of imprisonment to which he had been so sentenced. If in such a case, how- ever, as claimed, or in any other, the facts in the above prohibition of the statute appearing, the petitioner is not entitled to prosecute such writ, that, of course, is the end of the case, and a prisoner held in custody and imprisoned long after he has completely fulfilled the whole sentence and been imprisoned for the whole term, cannot procure his liberty by this writ. If not by this writ, especially made a part of *Magna Charta* for the express purpose of deliv- ering a subject or citizen from unlawful imprisonment, and which has been used always since effectually for such pur- pose in all possible cases of unlawful imprisonment, where

is the remedy? If a person sentenced to imprisonment may be saved from all of it except the arrest, when the judgment, though just, may be without jurisdiction, or the execution, though formal, may be without authority, why may not one be released and enlarged by this writ, after he has suffered the full measure of the imprisonment for which he was sentenced, when he is still held without the pretense of any lawful authority? The question answers itself. But such has always been proper ground for the writ, and it is no answer by return of the officer that he holds the prisoner by virtue of a valid judgment and an authorized execution of it.

"A prisoner held by valid process may be discharged by. *habeas corpus* by reason of some omission or event occurring since the issuing of it." Wood on Mandamus, etc., 174. Many of the cases cited by the learned assistant attorney general, and many other cases, affirm this jurisdiction on *habeas corpus.*

In *Trotter v. Mills*, 6 Wend., 512, in a suit on a judgment, the defendant pleaded *nul tiel record* and discharge from imprisonment. Held, that if discharged by reason of payment or satisfaction of the judgment, such discharge was final and conclusive.

In *Hoose v. Sherrill*, 16 Wend., 38, the defendant was served by summons when he was a nonresident and not amenable to summons. The case went to judgment of fine and imprisonment for thirty days unless the fine was paid. Held, that a judge at chambers had jurisdiction in *habeas corpus* to issue the writ, but that the former judgment was final, because the court had jurisdiction to issue a summons in a proper case, and whether it was a proper case could only be inquired on *certiorari*. So, here, the commissioner had jurisdiction to issue and hear the writ of *habeas corpus* for such cause, and such cause could only be reviewed on *certiorari*.

In *Rex v. Collyer*, Sayers, 44 (26 Geo. II.), defendant was

convicted of an assault, and sentenced to imprisonment for one month, but it was added that he ask pardon of the injured party, and publish the sentence in the Daily Advertiser, and be imprisoned until he had done so. The month's imprisonment had not expired. Held, that King's Bench had jurisdiction to discharge him on *habeas corpus,* for excess of jurisdiction.

In *Cleek v. Comm.,* 21 Grat., 777, the conviction and sentence were in July, for ten months. Defendant escaped in September, was recaptured in January, and remained in prison until May, ten months from date of sentence. On *habeas corpus* and refusal to discharge, an appeal was taken to the court of appeals on error, and it was held that the three months he was out of prison on *escape* must be added to his sentence, because his escape was *his own fault and crime.* It is said in the opinion that the sheriff had the right to continue his imprisonment without any further order than the original sentence, because he was cognizant of the facts, and if the prisoner desired to have the question decided he could have had a writ of *habeas corpus* and the facts inquired into, and that the court would have jurisdiction in such a case. Here the same or a similar question was involved on the first *habeas corpus,* viz., whether the term of imprisonment had *expired.*

In *State v. Chancellor,* 1 Strobh. (S. C.), 347, the defendants were sentenced to receive twelve lashes, but were pardoned on condition that they leave the state and not return. They returned to the state. They were then brought before the court for resentence. The question was raised whether this was the proper practice in such cases. It was held that it was, because the defendants had the right to be heard on the question whether they should be punished after the day had passed by; and that they might show reasons for their return to the state, such as that they were kidnapped and brought back by force, or other reason why the condition of

their pardon was violated; or that they were not the same. persons; and that such a case presented *questions of both law and fact* which ought to be inquired into by the court; and that such was the practice in England in such cases,— citing cases. So, here, whether the defendant had fully suffered his imprisonment, and was therefore entitled to go at large, was a question of fact to be inquired into by the commissioner on *habeas corpus*. Can there be any doubt that the commissioner had jurisdiction in such a case to inquire further than the judgment of sentence, which was unquestionably valid and rendered by a court having jurisdiction. The same practice was followed in *State v. Fuller*, 1 McCord (S. C.), 178.

In *State v. Smith*, 1 Bailey (S. C.), 283, the defendant was pardoned on condition of his leaving the state. He left the state and then returned, and, after staying some time, he returned to the foreign state, and while there was arrested and brought back, and reimprisoned on the old sentence. He was then brought before the chief justice at chambers on *habeas corpus*, and was remanded on resentence by the court, on rule to show cause. On the hearing before the chief justice on *habeas corpus* there was *proof by affidavits* of the prisoner's voluntary return to the state. The opinion of Chief Justice Harper is appended to the case, affirming his jurisdiction in *habeas corpus* in such a case.

In *People v. Potter*, 1 Parker's Crim. R., 47, the defendant was sentenced to imprisonment, and pardoned on condition of leaving the state, but returned and was re-arrested, and remanded by the general sessions of New York city to serve out the remaining part of the term. The jurisdiction of the general sessions was denied, and Judge Edmunds held, by authority of Judge Bronson, that the prisoner should have been brought before one of the judges of the supreme court, in oyer and terminer, on *habeas corpus*,

to inquire into the facts before the defendant should be re-imprisoned.

In *People v. Porter*, 1 Duer, 709, it was held that a judge at chambers had jurisdiction on *habeas corpus* to discharge or remand an infant, although he had no authority to provide for the future custody of the infant, and the court of chancery only had such authority; but in *Wilcox v. Wilcox*, 14 N. Y., 575, it is held that the judges then could also provide for such future custody because they succeeded to this chancery jurisdiction.

In *Haggerty v. People*, 53 N. Y., 476, the sentence for robbery had not expired when the prisoner escaped. He was recaptured and brought before the court on information for resentence for balance of the term. Held, on error, that such a proceeding was unnecessary, because, if there was any good cause why the prisoner should not be so reimprisoned, it could be shown on *habeas corpus*, when the facts could be inquired into.

In *People v. Cowles*, 4 Keyes, 38, a judge at chambers discharged a prisoner imprisoned on a fine, on *habeas corpus*, and admitted him to the jail liberties; the reason for the discharge being that he was entitled to such liberties. Held, on error, that the judge had jurisdiction to discharge the prisoner for such reason, but had no jurisdiction to admit to the jail liberties, that power being only in the court, and the judgment was reversed.

In *Ex parte Milburn*, 9 Pet., 704, the defendant was under indictment and out on bail, and was rearrested on *capias*, and discharged from such restraint by *habeas corpus*. He was then arrested on a bench-warrant for trial. On a second *habeas corpus* it was held that he was imprisoned the second time on a very different process and cause, and therefore his first discharge was no bar to the second writ. The jurisdiction under the first writ was conceded, and the

judgment on the same cause was held final until reversed. This case was cited for the state, as in point that the same case might be twice tried on two distinct and successive writs of *habeas corpus.* But it is really very much in point the other way.

In *Rowe v. Rowe,* 28 Mich., 353, it is held that a common law writ of *certiorari* may be granted by the supreme court to a court commissioner for the review of his proceedings on *habeas corpus* to discharge from unlawful restraint infant children, and that this is the only remedy in such a case where the commissioner had jurisdiction, and that, in this case, he had no jurisdiction to order or decree the custody of such children.

In the celebrated *McLeod Case (People v. McLeod),* 3 Hill, 650, and in note, the following principles in respect to *habeas corpus* are established: (1) When the petition shows a proper case the writ must issue. (2) If the petition states the prisoner is not held in the case made prohibitory by the statute, it must issue, although the records referred to in the petition may show an apparent lawful authority. (3) An *apparent* authority by judgment and process may not be a real or legal authority, and therefore on the return of the writ this question must be examined and decided, and even if such decision is wrong, it is nevertheless final until reversed on *certiorari* or error. (4) When the petition claims and asserts that proceedings in a federal court which resulted in the imprisonment, though apparently authorized and valid, are not so in truth and fact, the writ must issue, and a discharge by a state court in such a case is final. Wharton's Digest (Pa.), tit. "Habeas Corpus." (5) The court or judge, having thus acquired jurisdiction, has the power to decide rightly or wrongly, and discharge or remand the prisoner, and all persons must yield obedience to the judgment, and it is final until reversed, even if there has been gross error. 1 Chitty's Crim. Law, 128; Bacon's Abr.,

tit. "Habeas Corpus." (7) The power within the jurisdiction is *judicial*, and such jurisdiction and power are precisely the same in judges at chambers, or court commissioners, as in the courts. (8) Jurisdiction attaches when the petition verified states that the prisoner is held without lawful authority. *Betts v. Bagley*, 12 Pick., 572. (9) If the officer returns a good writ and legal authority, even that does not end the case or divest of jurisdiction, for there may be no good writ or legal authority in fact; either the writ or the person named in it may be wrong, and not the writ or person in question. (10) Jurisdiction may.be given by a petition stating some proper ground for discharge *ex post facto* to the judgment and writ, such as discharge or satisfaction of the judgment, or pardon, or the full penalty suffered. (11) After a discharge of a prisoner by the judge,. commissioner, or court having jurisdiction, he cannot be rearrested, under the penalty of the statue, until the judgment of the judge or commissioner has been reversed by *certiorari*, or of the court by writ of error. *Ex parte Milburn*, 9 Pet., 704. And such judgment is a bar to another writ of *habeas corpus* to *remand* the prisoner after his rearrest. *Holmes v. Jennison*, 14 Pet., 540. On the writ, as enlarged by statute, the officer or court must inquire (1) as to the jurisdiction in the case in which the prisoner is confined; (2) the excess of such jurisdiction; (3) *whether the judgment has not been satisfied*. *People ex rel. Tweed v. Liscomb*, 60. N. Y., 566. A court commissioner, on *habeas corpus*, has jurisdiction to inquire whether the court, by whose process the petitioner is imprisoned, had jurisdiction in *the* case in question, not in *any such* case. The jurisdiction of a court cannot be protected against inquiry by merely asserting it. *People v. Cassels*, 5 Hill, 164; *Ex parte Lange*, 18 Wall., 163. There is full jurisdiction in a judge or court to discharge by this writ when the court which rendered judgment exceeded its jurisdiction *(Crepps v. Durden*, 2 Cowp., 640); or when

the term of imprisonment has expired, as in *Rex v. Collyer,* *Sayers,* 44.

In *McConologue's Case,* 107 Mass., 171, a minor enlisted in the army was discharged by a single judge at chambers, and was recaptured by the army officers. On second *habeas corpus* the judge was advised to discharge the prisoner by the whole court, on the ground that his first discharge was final and conclusive on all persons and courts until reversed. This is a full and instructive case, and quotes the *Booth Case,* in this state.

In *Clarke's Case,* 12 Cush., 320, a witness was held under an attachment for contempt for disobeying a subpœna. After trial and judgment in the case it was held that he was properly discharged on *habeas corpus,* although the process was valid, on the ground that, *ex post facto* to the arrest, there was no legal cause for his detention.

In *Feeley's Case,* 12 Cush., 598, the sentence was a fine *and* imprisonment, when the statute only authorized a fine *or* imprisonment. The prisoner was properly discharged, after the fine was paid, on *habeas corpus.*

The question may be whether the prisoner was arrested on legal process, or whether he is *now* lawfully held thereon, by reason of something *ex post facto* the process. Hurd on Hab. Corp., 326. *Habeas corpus* against *habeas corpus* is never allowed except in connection with the writ of *certiorari. Ex parte Yerger,* 8 Wall., 85; *In re Collier,* 6 Ohio St., 55.

In *Meade v. Deputy Marshal,* 2 Wheeler's Crim. Cas., 569, it was held that a person imprisoned for the nonpayment of a fine by a court-martial was properly discharged on *habeas corpus* on the ground that he had no notice of the proceedings.

The judgment of discharge, not actually void for want of jurisdiction to issue the writ, is a final judgment, and cannot be impeached collaterally. It can only be reviewed on error

or *certiorari*. *Ex parte McGehan*, 22 Ohio St., 422; Hurd on Hab. Corp., 563; *Ex parte Milburn*, 9 Pet., 704; *Comm. v. McBride*, 2 Brewst., 545; *Mathis v. Colbert*, 24 Ga., 384. If it is the judgment of a court, a writ of error lies without any statutory provision; and if by a judge or court commissioner, a *certiorari* lies at common law. *Comm. v. Biddle*, 6 Penn. Law J., 287. The attorney general may appeal or take the writ in case of discharge. *Ex parte Lafonta*, 2 Rob. (La.), 495; *Weddington v. Sloan*, 15 B. Mon., 147; *State v. Potter*, Dud. Law (S. C.), 296; Hurd on Hab. Corp., 575. A judge at chambers has plenary power and jurisdiction in writs of *habeas corpus*. *In re Blair*, 4 Wis., 531. A county judge, as court commissioner, has jurisdiction to inquire into the legality of the commitment, but when jurisdiction is shown in the court to issue it he cannot discharge for mere errors or irregularities, but must remand the prisoner. This case was heard on *certiorari*. To ascertain jurisdiction the petition and papers annexed thereto can alone be consulted. *Petition of Semler*, 41 Wis., 517. When the petition presents a proper case, then the writ must issue, under the penalty of the statute, and the writ will not be denied without the most weighty reasons. *In re Pierce*, 44 Wis., 411. The statute prohibiting a commitment after a discharge on *habeas corpus* applies strictly to criminal proceedings. *Beyer v. Vanderkuhlen*, 48 Wis., 320. *Certiorari* will lie to a judge at chambers on *habeas corpus* proceedings to review his order remanding the prisoner, and the order will be reversed if this court finds that the court that issued the commitment had no jurisdiction. *In re Eldred*, 46 Wis., 530. Courts, judges at chambers, and court commissioners have equal jurisdiction of *habeas corpus*, and must grant the writ unless the petition shows that the petitioner is clearly not entitled to it. *Bagnall v. Ableman*, 4 Wis., 163.

These authorities clearly establish (1) the jurisdiction of the commissioner to issue the writ and to hear it; (2) the

finality and conclusiveness of his judgment of discharge; (3) the entire want of jurisdiction in this court to review, reverse, or annul that judgment by another writ of *habeas corpus* in respect to the same cause of imprisonment or grounds of discharge, or in any other way than by *certiorari;* (4) the want of jurisdiction in the circuit court to order the petitioner's rearrest and imprisonment for the same cause; (5) the want of authority in the sheriff to make such rearrest, or to recommit the petitioner to the county jail on the same sentences; and (6) the jurisdiction of the commissioner to determine the question whether the petitioner had already suffered and served the full terms of the imprisonment fixed by the sentences, and the conclusiveness of his adjudication of such fact.

The assistant attorney general cited some cases other than the above, which he claimed were adverse to these positions. In *In re Buddington*, 29 Mich., 472, it was held that a court commissioner had no power to review any proceeding of a court, and that his power under the writ was less than that of a court. In *In re Burger*, 39 Mich., 203, it was held that a court commissioner had no power to review, on this writ, the proceedings of a court, and had no judicial power, and his judgment was not conclusive. Our constitution, in relation to the judicial power of a court commissioner (sec. 23, art. VII), must be different from the constitution of that state. We have seen that in many of the states, as well as in our own, this judicial power in *habeas corpus* is plenary, and equal to that of the courts. *Spalding v. State of N. Y.*, 4 How., 21, was a case of imprisonment for contempt. *Ex parte Robinson*, 6 McLean, 355, was a case of a fugitive from labor, adjudicated to be a slave, and remanded to his master by a commissioner of the United States, under the act of Congress, and attempted to be discharged by a state judge on *habeas corpus*, and has no application to this case. In *Wright v. State*, 5 Ind., 290, the jurisdiction of the

judge of the common pleas to *remand* the prisoner is affirmed, and his jurisdiction to discharge him is not denied. In *Yates's Case*, 4 Johns., 317, a master in chancery was imprisoned for malpractice by the court of chancery, and discharged by a judge of the supreme court at chambers on *habeas corpus*, and he was rearrested and imprisoned for the same cause. Judges YATES and SPENCER held that the judge had jurisdiction to discharge, and that his discharge was final; but Chancellor KENT and Judges VAN NESS and THOMPSON held that the judge had no plenary jurisdiction at chambers, and could not enforce his orders or judgments; and that they were not, therefore, final and conclusive. Not so, however, in this state, for he may imprison for contempt, etc.; and so may a court commissioner.

In *Yates v. Lansing*, 5 Johns., 282, it was held only that *courts* could not be prosecuted for the penalty of the statute for rearrest of prisoner after his discharge on *habeas corpus*, and that the statute only referred to officers. In this case it is said that there had been a long contest since the *Chamber Case*, in Cro. Car., 168 (James I.), between courts of chancery and of law, over the right of interference by the law judges with the prisoners of the chancery courts. This controversy, no doubt, affected the decision of such cases in the early courts of New York, while the old court of chancery existed there.

In *Cable v. Cooper*, 15 Johns., 152, the imprisonment was on civil process, and the discharge under the statute for the relief of poor debtors. He was arrested again in a suit on the former judgment, and failed to plead his discharge. Then, on *habeas corpus*, and a subsequent discharge thereon, and in a suit against the sheriff for an escape, on appeal it was held that the last discharge by a court commissioner was void because the prisoner was held on *civil* process. Many things are said in the opinion in this case, in which there was another dissent by Judge SPENCER, not applicable

to the case, and *obiter* in respect to the jurisdiction of court commissioners and the conclusiveness of their judgments of discharge on *habeas corpus.*

In *Comm. v. Deacon*, 8 Serg. & R., 72, the defendants were tried on an indictment of sixteen counts, and convicted by the jury on nine of them, and the jury said nothing as to the other seven. The court issued a commitment, without rendering judgment on the verdict, to hold the defendants for trial on these remaining counts. The court was the mayor's court of Philadelphia, of special and limited jurisdiction. On *habeas corpus* the prisoners were remanded, and *on error* to the supreme court this judgment was affirmed; the court holding that the mayor's court had jurisdiction by the indictment, and that, although the defendants had been acquitted by the verdict, the imprisonment was not without jurisdiction, and erroneous only, and could not be reviewed on *habeas corpus;* and also that the court had jurisdiction of the *habeas corpus* by the petition, and the judgment thereon was final, because if the prisoners ought to have been discharged instead of remanded, it was error only, which might be reviewed. Many other cases might be cited to the same effect, that the judgment on *habeas corpus* on the same cause of commitment, where jurisdiction is had by the petition, is *final* and *conclusive.* In the above case, DUNCAN, J., said in his opinion: " You need not use any argument to prove that the plaintiffs cannot be tried on this indictment; " and then insisted that this was one of the facts or questions of law to be decided in that case, and there was jurisdiction for that purpose. So, in this case, the question of fact, or, perhaps, the mixed question of law and fact, whether the petitioner had served out his sentence, and that it had expired by limitation of time, was within the jurisdiction of the commissioner to try and determine, and if he decided wrongly it could be corrected only on *certiorari.*

It is somewhat strange that the learned judge who ordered

the rearrest and imprisonment of the petitioner should have
overlooked the penal prohibition of the statute against a re-
arrest after discharge on *habeas corpus*.   This prohibition is
older than the statutes of our various states, and was early
adopted as a necessary incident of this great writ of liberty,
to protect its full, complete, and beneficent results, and
secure its full operation and effect in favor of liberty, by the
statute of Charles II.   We have seen that the petition and
return in the former case before the commissioner show juris-
diction, by alleging that the term of imprisonment had ex-
pired and that the petitioner was *then* imprisoned without
any legal authority.   The above authorities show that such
is a good and sufficient cause for the writ.   But our statute,
in effect, provides that it is.   Subd. 4, sec. 2427, R. S., pro-
vides, as one of the grounds upon which the court or officer
must remand the prisoner, "that the time during which such
party may be legally detained has not expired."   This is
equivalent to providing that he shall not be remanded, but
shall be discharged, if such time *has* expired.   It is proper
to say here that the learned assistant attorney general insists
that the petition in the first case showed that the petitioner
had never been imprisoned in the county jail on such sen-
tences; but, as we have seen, the petition in that case did
not so show, but, for aught that appeared in that case, he
was unlawfully imprisoned after the full term of the sen-
tence had been suffered and had expired.   The petition in
the present case shows that the pretended authority by
which the petitioner has been detained since his discharge is
four certificates of the original convictions and sentences
issued by the clerk on the 17th day of March, 1884, and sets
up the said former discharge in bar of any further adjudica-
tion of the matters in that case.   The return of the sheriff
in the present case sets out said certificates as the authority
by which only he holds the petitioner, and alleges substan-
tially that he never was imprisoned in the county jail on the

former certificates, but that, by his request, he, the sheriff, had allowed and permitted him to run at large in the village of Darlington during the whole time of said sentences, and alleges that the former discharge was no bar, because the commissioner had no jurisdiction of the case, and that it is absolutely void. It can be readily seen that this return undertakes to have the question whether the petitioner had actually suffered his full sentences before his discharge retried and redetermined upon the allegation of new facts only on the second writ of *habeas corpus*, which we have seen by the authorities cannot be done. That was the real and only question adjudicated by the commissioner, and it can be reviewed only by *certiorari*, and until reversed in that way is final. The real question here is whether the rearrest of the petitioner and his imprisonment on the same cause were lawful after such first discharge, and that question depends upon the question we have already examined, whether the commissioner had jurisdiction of the writ in that case; for it is not claimed that this court can, on this writ, go behind said judgment and correct the mere errors in the record. Not only is it clearly the law, but it is consonant with sound policy and reason, that one court or officer should not review or have the authority to reverse the judgment of discharge of another court or officer on *habeas corpus*. Under our statute, courts, and even this court, and a judge at chambers and court commissioners, have equal power and jurisdiction of the writ. The citizen should have a speedy and sure remedy and relief against unlawful imprisonment, and have the judgment conclusive. To secure this end the statute of prohibition under a penalty has been enacted.

But conceding that the first petition did show what is now shown on the return to this writ, that the sheriff had voluntarily allowed the petitioner to run at large during the whole of the aggregate term of the sentences, and that he

had not been confined within the jail at all during said term, would it then have been clearly shown that the term of his imprisonment had not, in law, expired? and if so, did such showing divest the commissioner of jurisdiction in the case to even *decide* that question wrongly or to decide it at all? If he had decided that, under such facts, the petitioner had not been imprisoned at all on the judgments and certificates, and had therefore *remanded* the prisoner, would there have been any question of his jurisdiction to so decide? That decision might have been right and the other wrong; but if a court or tribunal has jurisdiction to decide *rightly*, so it has to decide wrongly, and the error of it must in either case be corrected only by appeal, or on error, or on writ of *certiorari*. This is sufficiently clear by all the authorities. But is it so clear a question, or, rather, is it so clear as not to be a question at all, that the petitioner, even according to the return to this writ, had not suffered and fulfilled his whole punishment by the sentences? Let us see, by a brief glance at the authorities, whether it may not be in some doubt, at least; although we do not pretend to decide the question, as in our view we have no right to decide it on this writ. The first sentence was that if the fine and costs were not paid *forthwith*, that he be imprisoned, etc. The *term* commenced, then, *at once*, for the fine and costs were not paid. The certificates were at once issued and placed in the hands of the sheriff, and the defendant was in court. When a prisoner is sentenced to imprisonment, *the day of the sentence* is the *first day of the term*. Then he is, in legal contemplation, in a different custody from that of the court. *Ex parte Meyers*, 44 Mo., 280. In this case, the prisoner, after he was sentenced in one case, and during his imprisonment, was sentenced in another case for a term to begin when the first was ended. He was held after such first term was ended, and properly discharged on *habeas corpus*. If the time of the imprisonment is not fixed in the

sentence, it is void. · *State v. Smith*, 10 Nev., ·106; *Ex parte Gibson*, 31 Cal., 626.

In *Wright v. State*, 5 Ind., 290, the prisoner was on trial for murder, and during the trial the jury was discharged by the expiration of the term of court. On *habeas corpus* he was remanded, and it was held on *certiorari* that the judge had jurisdiction of the writ to discharge or remand, and did right to remand him, because he might plead his first jeopardy in bar of another trial and thereby be relieved from imprisonment.

In *State v. McClure*, Phil. Law (N. C.), 492, the sentence was to pay a fine and costs, and be imprisoned until paid, indefinitely. The sheriff allowed the prisoner to go at large on his parol. He did not pay, and the solicitor had him arrested on a *ca. sa.* On motion before the court he was discharged, and on writ of error or appeal the supreme court reversed the order; not on the ground that he was properly rearrested on the sentence and had been improperly discharged, but because he was arrested on a *new process.* *Comm. v. Keniston*, 5 Pick., 420. The sentence was ten days' solitary confinement, and two years at hard labor, on October 6, 1825. On October 26, 1827, he was sentenced to imprisonment for another crime. Held, that the second sentence was void because before the first sentence had expired by limitation of time. The term of every sentence runs from its date. *Prince v. State*, 1 Am. Crim. R., 545. The day of the sentence is the first day of imprisonment, whether actually in prison or not, and it is presumed that he was. Wharton's Crim. Pr. & Pl., 925. In *Nigotti v. Colville*, 14 Cox Crim. Cas., 263, it was held that a sentence for one calendar month expires, by its limitation, on the day preceding that day which corresponds numerically, in the next succeeding month, with the day on which the sentence was passed, and that the place in which the prisoner is to be confined is no part of the sentence and may be omitted.

*Weed v. People*, 31 N. Y., 465; Wharton's Crim. Pr. & Pl., 926. When the prisoner is sentenced to pay a fine and the costs, and be imprisoned until paid, and the prisoner is in court, he is in the custody of the officer under the sentence. 2 Barbour's Crim. Law, 372, 376. These authorities would seem to make the question at least doubtful.

There is still another question arising from the cause of the failure of the actual imprisonment during the time or whole term of the sentence, of much importance, and that is, whether a prisoner can be rearrested and imprisoned after such term has expired, when such failure was not the *fault* or *crime* of the prisoner himself. In *Ex parte Clifford*, 29 Ind., 106, it is held that a recapture after the term can be made only in case of *escape* by the fault of the prisoner, or criminal escape. The right of recapture after the term depends upon whether the escape was the fault and wrong of the prisoner himself. 1 Chitty's Crim. Law, 421; 1 Bishop on Crim. Pr., 120–129. In *Hollon v. Hopkins*, 21 Kan., 638, the prisoner escaped on his way to prison. He was recaptured after the three years of his sentence had expired, and it was held lawful, because he failed to be imprisoned by his own wrong, and that unless such failure was so caused his sentence had expired by its own limitation. In *Cleek v. Comm.*, 21 Grat., 777, the prisoner escaped from prison. The time of his absence was added to his term, on the ground that he had not suffered his full imprisonment by his own fault and wrong.

And there is still another question, whether, in any case, imprisonment after the term, on a recapture, can be enforced without giving the prisoner the chance to be heard on a rule to show cause, or some ~~malice~~ *notice*. This seems to have been the practice in all cases I have examined. *Comm. v. Haggerty*, 4 Brewst. (Pa.), 326; *State v. Addington*, 2 Bailey, 517; *State v. Smith*, 1 id., 283; *State v. Chancellor*, 1 Strobh., 347; *State v. Cockerham*, 2 Ired. Law, 204; and many others.

But, as said before, we do not decide these questions, for they are not before us, having found that the commissioner had full jurisdiction to hear and decide them. They might be errors which could only be corrected on *certiorari*, but not on this writ.

The importance of the principles involved, and the able arguments made, and the numerous authorities cited by the learned counsel, and the fact that two of my brethren dissent from this decision, must be my apology and excuse for writing such an unusually long opinion.

The return to the writ of *habeas corpus* in this case having been demurred to, we hold that the demurrer was well taken, and order that the same be sustained; and on the hearing of the petition and return, and duly considering the facts and records therein stated, we hold that the judgment of discharge of the petitioner, rendered by the court commissioner in the former case, is final and conclusive upon this court on this second writ on the same causes of detention, until reversed for errors therein; said commissioner having had jurisdiction of the writ, and lawful authority to determine whether the petitioner was held and imprisoned by the sheriff of La Fayette county, by lawful authority, on the causes of detention made to appear before him, which are substantially the causes of his present imprisonment. It is therefore

*By the Court.*— Ordered that the petitioner be and he is hereby discharged from further detention and imprisonment on the same causes thereof, and that he go hence without day.

TAYLOR and CASSODAY, JJ., dissent.