# JULY TERM, 1843.

Pinney.
1p 278
93  654

UNITED STATES VS. SALTER.

1. CRIMINAL LAW — WRIT OF ERROR. Where the accused has been tried upon an indictment or information and acquitted, a writ of error will not lie at the instance of the prosecution to reverse the judgment.
2. SAME. If a court quashes an indictment or arrests judgment erroneously, a writ of error may be prosecuted in such case, at the instance of the prosecution, to reverse the decision.

See *Contra State v. Kemp*, 17 Wis. 669.

ERROR to the District Court for *Iowa* County.

*Salter* was indicted by the grand jury of Iowa county for forgery, and upon the trial the district attorney offered certain evidence in support of the indictment which was rejected by the court, to which decision exceptions were taken. A verdict of acquittal was rendered, and the district attorney sued out this writ to correct the errors of the court below, in rejecting the evidence offered by the prosecution.

The cause came up for argument at the July term, 1842, when the question was suggested by the court, whether a writ of error could be sustained at the instance of the prosecution after a verdict of acquittal had been rendered. The matter was submitted to the court, and taken under advisement until the present term, when the court dismissed the writ.

*Wm. R. Smith*, district attorney, for plaintiff in error.
*F. J. Dunn*, for defendant in error.

MILLER, J.  The defendant was indicted in the district court of Iowa county for forgery.  At the trial the dis-

trict attorney offered to give certain facts in evidence, for the purpose of making out the case, which were rejected by the court. The defendant was acquitted and discharged. A writ of error was sued out by the district attorney, and this decision of the court is assigned for error.

The first question to be settled is, should this court take cognizance of this case?

The practice of revising cases by appeal and writs of error, on the part of the prosecution, upon various decisions of the inferior court, upon matters of law, is quite common, but not after a verdict of not guilty. In the case of *Commonwealth v. McKisson*, 8 Serg. & R. 420, the defendants were indicted for a conspiracy to cheat. On motion of the defendants, the indictment was quashed, upon which the commonwealth sued out a writ of error, and the supreme court reversed the decision, and directed that the record be remitted to the court below with orders to proceed on the indictment. In the case of *Commonwealth v. Taylor*, 5 Binney, 277, it appears that the defendant had been convicted, and the court arrested the judgment on the ground that the offense charged was not indictable; and the record was brought to the supreme court by writ of error, where the judgment was reversed, and the record was remitted to the quarter sessions, that they might proceed to give judgment against the defendant. The same practice is pursued in New York, but in a more formal and technical manner. In the case of *People v. Stone*, 9 Wend. 182, the indictment, on the motion of the defendant, had been quashed, and at a subsequent session of the court, the district attorney, for the purpose of enabling him to remove the case to the supreme court by writ of error, was permitted to make a record, stating judgment to have been rendered for the defendant as on demurrer to the indictment. The supreme court allowed this proceeding, as no writ of error can be brought in that State on an order quashing an indictment.

In the case of *People v. The Onondaga C. P.*, 2 Wend. 631, it was held to be a proper course to be pursued in a criminal case, where the court below had arrested the judgment. The power and jurisdiction of the court are not determined, either by an order arresting the judgment or quashing the indictment. A writ of error, sued out on the part of the prosecution, upon the judgments and decisions of the court upon questions of practice, can be sustained, except where the defendant has been acquitted by a verdict, or convicted and no motion in arrest of judgment made and sustained. It is right that it should be so, for a court might illegally quash an indictment or arrest a judgment when the public would otherwise have no redress. The usual course is, after the indictment against the defendant has been quashed, to prefer a new and more regular one. 1 Chit. Crim. Law, 250, 260 ; Bacon's Abr. Indictment, K.; Comyn's Digest, Indictment, H. And if the judgment is ultimately arrested, all the proceedings will be set aside ; but it will be no bar to a subsequent indictment, which the prosecutor may immediately prefer. 1 Chit. Crim. Law, 542 ; Comyn's Digest, Indictment, N. ; 4 Black. Com. 375. For the defendant's life or liberty has never been in actual jeopardy, and the ends of public justice have not been satisfied, either in his conviction or acquittal.

In 4 Black. Com. 361, we find it laid down, that there hath yet been no instance of granting a new trial, where the prisoner was acquitted upon the first. If the jury, therefore, find the prisoner not guilty, he is then forever quit and discharged, except he be appealed of felony within the time limited by law. And upon such acquittal or discharge for want of prosecution, he shall be immediately set at large. Also, in 2 Hawkins' P. C. 442. In 1 Chit. Crim. Law, 535, it is stated, that a new trial cannot, in general, be granted on the part of the prosecution, after the defendant has been acquitted, even though the verdict appears to be against evidence. No new trial can

be granted where the defendant has been acquitted, although the acquittal was founded upon the misdirection of the judge. 6 East, 315; 4 Maule & Selwyn, 337; 1 Chit. 352; 2 Tidd's Prac. 942; 1 Starkie's N. P. 516; 1 Wilson, 298; 12 Mod. 9. The same doctrine is stated in 6 Bacon's Abr., title, Trial 9, page 675, 676. If the defendant in an indictment or information, has been acquitted, the court will not grant a new trial, notwithstanding the verdict was contrary to evidence. But it seems to be the better opinion, that when the verdict was obtained by fraud of the defendant, or in consequence of irregularities in his proceedings, as by keeping back the prosecutor's witnesses, or neglecting to give due notice of trial, a new trial will be granted. 1 Chit. Crim. Law, 536. The same doctrine seems to have been quoted favorably by the supreme court of Massachusetts, in the case of *Commonwealth* v. *Green*, 17 Mass. 526. In the case of *People* v. *Mather*, 4 Wend. 262, the supreme court of New York say: that "in criminal cases, where the defendant has once been acquitted, the reluctance to grant new trials has ever been very great. It is a conceded rule of law, not to grant a new trial in such cases because the verdict has been against evidence. Whether a new trial can be granted where there has been acquittal, without infringing the rights of the defendant, even where the court has misdirected the jury, is now an unsettled question." But in the case of *People* v. *Comstock*, 8 Wend. 549, where the defendant had been acquitted, a new trial was moved for on the ground of the misdirection of the jury by the presiding judge, the English doctrine was approved, and the motion denied.

It is a maxim of the law, that no one shall be tried twice for the same offense; or, his life or person brought again into jeopardy, where there has once been an acquittal. And the same rule holds throughout, in all cases, upon penal statutes, and upon all indictments and informations for misdemeanors, as well as felonies. *State* v. *Wright*, 2 S. C. 517; *State* v. *De Hart*, 2 Halst. 172; *Overseers*

*of the Poor* v. *Lunt,* 15 Wend. 565.    The prohibition
in the Constitution of the United States, "nor shall any
person be subject for the same offense to be twice put in
jeopardy of life or limb," is an old maxim of the common law, which means, that no person shall be tried a
second time for the same offense, after a trial by a regular
and competent jury, upon a good indictment, whether
there be a verdict of acquittal or conviction. *United States*
v. *Gilbert,* 2 Sumner's C. C. 19.    But this rule is now
settled throughout the United States, that the courts can
grant a new trial, at the instance of the defendant, in capital as well as in other cases.

It seems that, in a case where a new trial could be of no
benefit to the party, it will not be granted. *Duncan* v.
*Dubois,* 3 Johns. Ch. 135.    The same rule is applicable
where a reversal of the judgment is sought upon a writ of
error.    Now apply this principle to this case.    If the prosecution should prevail in this writ, and reverse this cause for
the alleged error, it would end there ; for the court could
not award a *venire facias de novo.*    We could not, on reversal, order our judgment to be certified to the district
court with directions to have the defendant apprehended
and put a second time on his trial.    This would be a violation of every principle of criminal justice.    If this practice
were tolerated, the court would be required to sign a bill of
exceptions, at the instance of a prosecutor, who might be
urged to it for purposes of revenge, when the court, in
order to afford him the full benefit of his exceptions,
would have to retain the defendant, either in custody or
under bail, notwithstanding he had been acquitted by the
verdict of a jury.

A writ of error is not a continuation of the suit below,
because it may be sued out by a new attorney, without
obtaining a rule for a change of attorney (7 T. R. 337 ; 2
Johns. 287 ; 19 Wend. 152) ; and in many respects it is
considered as a new action (2 Tidd's Prac. 1196) ; which
we have shown is not allowable in criminal cases.    On
page 376 of the Statutes is an act to provide for appeals,

new trials and exceptions in criminal cases; but it is exclusively for the benefit of the defendant upon conviction. And, by the seventh section of the act, notwithstanding the judge who tried the cause has allowed and signed a bill of exceptions at the instance of the defendant, yet if it should clearly appear to him that such exceptions are frivolous, immaterial, or only intended for delay, he may enter judgment and award sentence, in such manner as he may deem reasonable. Should then this court, after reflecting upon the objects and policy of this statute, and the principles and practice above stated, allow or sustain a writ of error, in the absence of all statutory provisions at the instance of the prosecution, after a verdict of not guilty has been finally pronounced and the defendant discharged? Certainly not. The writ must be quashed.