State vs. Kemp et al.

STATE vs. KEMP and others.

A writ of error will not lie at the suit of the state to reverse a judgment in favor of the defendant in a criminal action, whether the judgment be upon a verdict of acquittal, or upon an issue involving a question of practice.  So held where the judgment was rendered upon a demurrer to a plea in abatement to the indictment.

ERROR to the Circuit Court for *Ozaukee* County.

*Winfield Smith*, Attorney General, and *G. W. Foster*, late district attorney for Ozaukee county, to the point that a writ of error would lie in this case in behalf of the state, cited R. S , ch. 139, secs. 25, 34 ; ch. 115, secs. 5, 6 ; ch. 181, sec. 10 ; ch. 10, sec. 50 ; *State v. Buchanan*, 5 Har. & J., 317, 324 ; *State v. Graham*, 1 Pike (Ark.), 428, 432 ; *Commonwealth v. Barr*, 5 Watts & S., 345 ; *Comm. v. McKisson*, 8 S. & R., 420 ; *Comm. v. Taylor*, 5 Binney, 277 ; *U. S. v. Satter*, Burnett, 119 ; *People v. Stone*, 9 Wend., 181 ; *State v. Davis*, 4 Blackf., 345 ; Cro. Car., 505 ; *Regina v. Chadwick*, 11 A. & E. (N. S.), 173 ; *State v. Kneeland*, decided at the December term, 1850, of the old supreme court of this state.

*Hugh Cunning*, contra.

*By the Court,* COLE, J.   The defendants in error were indicted in the Ozaukee circuit court for riot.  They filed a plea in abatement to the indictment, upon·which judgment was given in their favor on demurrer.   A writ of error was then brought by the state, for the purpose of reviewing the decision of the circuit court holding the plea good in form and substance.   A motion is now made to dismiss the writ, on the ground that the state has not the right to bring a writ of error in a criminal case.

After a careful consideration of the matter, we are of the opinion that the motion must prevail.   It is true that the adjudications upon this question are not uniform, but we think the weight of authority is against the right of the government to bring error in a criminal case.

We are not aware that there has been any direct decision upon the point in this state sustaining the practice here adopted.   The attorney general referred us to the case of the *State vs. Kneeland,* decided at the December term of the old supreme court, 1850, where a writ of error was brought by the state to reverse a decision of the court below, holding an indictment bad.   The record shows that the suit was dismissed, but upon what ground does not appear, as there was no opinion filed in the case.   It is the recollection of the then district attorney of Milwaukee county, who sued out the writ, that the court dismissed the same because the writ was not sued out or signed by the attorney general.   But obviously the precedent establishes nothing favorable to the right of the state to bring error in a criminal case.   There is likewise the case of the *United States vs. Satter,* reported in Burnett, p. 119, where the court dismiss a writ of error sued out at the instance of the prosecution after a verdict of acquittal had been rendered.  Judge MILLER, who delivered the opinion, says, in effect, that as there could be no new trial after such an acquittal, it would be entirely inconsequential and idle to maintain the writ and go on and reverse the judgment for error occurring on the trial.   It is

true that it is remarked that a writ would lie to review a judgment in favor of a defendant upon questions of practice, and where there had been no acquittal by verdict. But no such question was involved, and whatever may be said upon the point is *obiter*. We know of no other cases arising in this state which have any bearing upon the question under consideration. We are then permitted to adopt the rule which seems to be supported by the greater weight of authority; and, as already indicated, we think at common law no such writ was maintainable. A reference to the authorities upon this subject is deemed unnecessary, since they will be found so fully and well reviewed in the recent and carefully considered cases of *The People vs. Corning*, 2 Coms., 9, and *Commonwealth vs. Cummings*, 3 Cushing, 212.

Nor do we think any statutory authority can be found to warrant the practice. The attorney general referred us to several provisions of the statutes, which he claimed allowed the state to sue out a writ of error in a criminal case. He relied upon section 50, chap. 10; sections 5 and 6, chap. 115; sections 25 and 34, chap. 139; and section 10, chap. 181, R. S., as impliedly confirming this right. But we do not think the legislature intended, by any of these provisions of law, to allow a writ of error in behalf of the state in a criminal case; and it would be an unnatural construction of the language used to so hold. At the same time it seems to us that it would be wise and proper for the legislature to provide for bringing writs of error to review any judgment rendered in favor of a defendant upon an indictment, upon questions of practice and where there had been no trial and acquittal by the verdict of a jury. Such legislation would undoubtedly tend to produce uniformity in the decisions of the different tribunals of the state, and not unfrequently contribute to the due administration of criminal law. New York adopted such a statute after the decision in 2 Comstock. See 14 N. Y. Rep., 74, and 19 id., 583. And it seems to us that a law of that character would

produce very beneficial results. But of course it rests with the legislature to determine whether the state shall bring a writ of error in a criminal case to review such questions or not. As the law now stands, we must hold that the right does not exist.

It follows from these views that the motion to dismiss the writ in this case must be sustained.