73   589
74   441
73   589
d89  357
73   589
93   654

THE. STATE, Plaintiff in error, vs. GROTTKAU, Defendant in error.

*December 8, 1888 — March 12, 1889.*

CRIMINAL LAW AND PRACTICE. *(1) Stay of execution: When term of imprisonment begins. (2) Discharge on* habeas corpus: *Writ of error.*

1. G., having been convicted of riot, was, on May 7, 1887, sentenced to confinement in the house of correction for one year. Before execution of the sentence, and on May 14, a stay was granted, and G. was released on bail, pending the determination of the case on writ of error. The judgment of conviction was affirmed, and the *remittitur* from the appellate court was filed in the trial court on March 13, 1888. On April 5, 1888, G. was committed to the house of correction pursuant to the sentence. *Held,* that the term of his imprisonment commenced on the date last mentioned.

2. When a person convicted and imprisoned for crime is discharged from custody in a *habeas corpus* proceeding by a court of competent jurisdiction, the state cannot obtain a review of the order or judgment in that behalf by writ of error. And it is immaterial whether such court issues the *habeas corpus* in the first instance, or adjudicates the matter on *certiorari* to a court commissioner who issued the writ. *State ex rel. McCaslin v. Smith,* 65 Wis. 93, distinguished.

ERROR to the Circuit Court for *Milwaukee* County.

*Paul Grottkau* was indicted, tried, and convicted in the municipal court of Milwaukee county of the offense of riot, and on May 7, 1887, was sentenced to confinement at hard labor for one year in the house of correction. Before ex-

ecution of such sentence, and on May 14, 1887, that court granted a stay of execution of the judgment, pending the determination of the case by this court, to which it was brought by writ of error. *Grottkau* gave the required security, and was released from custody. This court affirmed the judgment of the municipal court. The *remittitur* from this court was filed in the municipal court March 13, 1888.

On or about April 5, 1888, *Grottkau* was committed to the house of correction pursuant to the sentence. May 8, 1888, he was brought before Court Commissioner Hugh Ryan, Esq., by virtue of a writ of *habeas corpus* duly issued, and a hearing was had. On May 12th the commissioner made an order remanding *Grottkau* to the custody of the keeper of the house of correction, and dismissed the proceeding. The matter was removed by *certiorari* to the circuit court, and that court, by its order and judgment bearing date May 21, 1888, discharged *Grottkau* from custody. The state thereupon sued out a writ of error, by virtue of which such order and judgment and all the proceedings preliminary thereto have been certified to this court for review.

For the plaintiff in error there was a brief by the *Attorney General* and *L. K. Luse*, Assistant Attorney General, and oral argument by the *Attorney General*. A writ of error will lie to review the determination of the circuit court in discharging the prisoner. *In re Crow*, 60 Wis. 371; *Yates v. People*, 6 Johns. 337; *Holmes v. Jennison*, 14 Pet. 561; *Ex parte Lafonta*, 2 Rob. (La.), 495; *People v. Lincoln*, 62 How. Pr. 412; 2 Parker's Crim. R. 650; *People v. Bennett*, 49 N. Y. 137; *Bagnall v. Ableman*, 4 Wis. 170; Hurd's Habeas Corpus, 572; *In re Eldred*, 46 Wis. 530. The term of his imprisonment had not expired when the prisoner was discharged. The time when a sentence shall be carried into effect is not necessarily a part of the sentence, and is to a great extent within the control of the

court, and execution of the sentence may be stayed or ordered to be carried out at some future time. *Reinex v. State*, 51 Wis. 152; *Petition of McCormick*, 24 id. 492; 1 Bish. Crim. Proc. sec. 1310; *Hollon v. Hopkins*, 21 Kan. 638-646; *Dolan's Case*, 101 Mass. 219; *People v. Reiley*, 53 Mich. 260; *Allen v. State*, Martin & Yerg. 294; *Miller's Case*, 9 Cow. 730; *State v. Cockerham*, 2 Ired. Law, 204; *State v. Cardwell*, 95 N. C. 643; *Fults v. State*, 2 Sneed, 232; *Johnson v. People*, 83 Ill. 431; *Rex v. Reader*, 1 Strange, 531; *People v. Hobson*, 48 Mich. 27; *People ex rel. King v. McEwen*, 62 How. Pr. 226. A prisoner who is admitted to bail is in the custody of his sureties. *Nicholls v. Ingersoll*, 7 Johns. 155; *Ex parte Gibbons*, 1 Atk. 237; *Comm. v. Brickett*, 8 Pick. 138.

[No appearance for the defendant in error.]

The following opinion was filed December 22, 1888:

LYON, J. We have not been favored with an argument or brief in behalf of defendant in error, and for that reason shall not indulge in any extended discussion of the questions which might be raised upon the record before us. Indeed, we shall consider but one of those questions, and that but briefly.

Doubtless the circuit court discharged *Grottkau* from custody because the year for which he was sentenced to imprisonment had expired when the writ of *habeas corpus* was issued. Hence that court must have held that his term of imprisonment commenced when judgment and sentence were pronounced, and that the commencement of such term was not postponed nor the running thereof suspended by the stay of execution and his release on bail pending the decision of this court. Whether this is a correct view of the law or not is the single question we propose now to determine.

In the case of *Petition of McCormick*, 24 Wis. 492, a

sentence to imprisonment on a conviction for crime, not to commence until the expiration of another sentence of the same person on a conviction for another crime, was upheld. There seems to be little doubt that, in the absence of statutory provision to the contrary, the trial court may lawfully appoint a future day after judgment for the commencement of the term of imprisonment. The *McCormick Case* sustains that doctrine, and cases elsewhere to the same effect are cited by the attorney general. We have no statute on the subject in respect to misdemeanors, and hence, in such cases (this being one of them), the court may appoint a future day for the punishment to commence.

Sec. 4733, R. S., which was first enacted in the present Revision, provides that on sentences to imprisonment in the state prison the term of imprisonment shall commence on the day of sentence, but the section excludes from the computation "any time which may elapse after such sentence while such convict is confined in the county jail, or while he is at large on bail, or while his case is pending in the supreme court upon writ of error or otherwise." In most, if not all, cases the effect of this statute seems to be to make the term of imprisonment commence when the convict is committed to the state prison. It is doubtful whether it operates to change the law which existed before its enactment, but it makes the law certain in the cases covered by it, and that was the declared object which the revisers sought to attain when they incorporated it in the Revision. (See Revisers' Notes.) Sec. 4733, however, does not rule this case. If any argument can be deduced from it affecting the present case it is that the legislature was of the opinion that without the statute the term of imprisonment, even in a conviction for a felony, did not necessarily commence on the day of sentence.

The stay of execution granted by the municipal court before *Grottkau* was committed to the house of correction,

was substantially an order of that court that his term of imprisonment should not commence, in any event, until after the case should be determined by this court, and is as potent to postpone the commencement of the term of imprisonment as though the court had fixed April 5, 1888, as the day for the commencement thereof.

It follows that Commissioner Ryan properly remanded *Grottkau*, and that the circuit court erred in discharging him from custody.

*By the Court.*— The order and judgment of the circuit court, discharging the defendant in error from custody, is reversed.

Upon a motion for a rehearing there was a brief signed by the defendant in error, and by *Moritz Wittig, Jr.*, and *C. E. Monroe*, of counsel. They argued, *inter alia*, that there is no authority, statutory or otherwise, for allowing a writ of error to issue on behalf of the state as against a prisoner who has been lawfully discharged from his imprisonment by order of the circuit court, after sentence, on the ground that the term of sentence had expired. *People v. Conant*, 59 Mich. 565; *People v. Fairman*, id. 568; *Ex parte Jilz*, 64 Mo. 205. By sec. 8, art. I, Const., it is enjoined that "no person for the same offense shall be twice put in jeopardy *of punishment.*" Under this provision it is held that a writ of error will not lie at the suit of the state to reverse a judgment in favor of a defendant in a criminal action. *State v. Kemp*, 17 Wis. 669, citing *People v. Corning*, 2 N. Y. 9, and *Comm. v. Cummings*, 3 Cush. 212. *Habeas corpus* proceedings, though not technically criminal actions, may be so related to a criminal action as to come within the same rule. See sec. 3437, R. S. As to the question of jeopardy, see 1 Bish. Crim. Law (7th ed.), secs. 991–3; *Ex parte Lange*, 18 Wall. 163, 169, 173; *U. S. v. Choteau*, 102 U. S. 603; *Ex parte* McGehan, 22 Ohio St.

442, 445; *Comm. v. McBride*, 2 Brewst. 545. The day on which a prisoner is sentenced is the first day of his term of imprisonment. Bish. Stat. Crimes, sec. 218; *Comm. v. Keniston*, 5 Pick. 420; *Nigotti v. Colville*, 14 Cox's Crim. Cas. 263; *In re Crow*, 60 Wis. 349, 368; *Ex parte Meyers*, 44 Mo. 280; *Hollon v. Hopkins*, 21 Kan. 638, 646. When the term has by law begun to run it does not cease running so long as the person sentenced has been guilty of no wrong to occasion a delay. *In re Crow*, 60 Wis. 370, and cases cited; *Hollon v. Hopkins, supra.*

In opposition to the motion there was a brief by *L. K. Luse*, Assistant Attorney General. He contended, *inter alia*, that the constitutional rule forbidding the placing of a person twice in jeopardy simply embodies the principle of the common law that no man shall be placed in danger of legal penalties more than once upon the same accusation. Chitty's Crim. Law, 451. It has no bearing upon the inquiry whether he has suffered punishment in accordance with the judgment of the court having jurisdiction, upon a single conviction. That is the sole inquiry here. *Ratzky v. People*, 29 N. Y. 135; *McKee v. People*, 32 id. 244; *Shepherd v. People*, 25 id. 406; *Mitchell v. State*, 42 Ohio St. 383, 391. To the point that the writ of error would lie in this case, he cited, besides cases cited in the former brief, *Ableman v. Booth*, 21 How. 506; *State ex rel. McCaslin v. Smith*, 65 Wis. 93; R. S. sec. 4724; *Milwaukee v. Gross*, 21 Wis. 241; *Boscobel v. Bugbee*, 41 id. 59; *Platteville v. McKernan*, 54 id. 487; *State v. Mushied*, 12 id. 561; *State v. Jager*, 19 id. 235; *In re Tarble*, 25 Wis. 394, 13 Wall. 397.

The following opinion was filed March 12, 1880:

LYON, J. This case was decided at the last term on the argument of the attorney general alone. For that reason we determined only the single question, When did *Grott-*

*kau's* term of imprisonment commence? On that question we adhere to the ruling then made.

The defendant in error now moves for a rehearing of the cause, and his counsel, in their argument, raise the question whether a writ of error lies at the suit of the state to bring to this court for review the order or judgment of the circuit court reversing the order of Commissioner Ryan and discharging the defendant in error from custody.

It was decided by this court twenty-five years ago, and the rule has never been questioned or doubted since, that a writ of error does not lie at the suit of the state to reverse a judgment for the defendant in a criminal prosecution, whether upon a verdict of acquittal or upon an issue involving a question of practice, as where final judgment was rendered for the defendant on a demurrer to a plea in abatement of the indictment. *State v. Kemp*, 17 Wis. 669. The case overrules, to some extent, the doctrine of *United States v. Salter*, 1 Pin. 278, wherein it was said that if the court quashes the indictment or arrests judgment erroneously the prosecution may have a writ of error to reverse such decision.

Is the rule of *State v. Kemp* applicable to this case? We have concluded, after much deliberation, that the question must be answered in the affirmative. We can perceive no difference in principle between a case where, as in that case, the accused is discharged from custody without a trial because an issue of law on the pleadings had been determined in his favor, and the present case, in which the defendant in error was discharged from custody by the final order of the circuit court made in a proceeding on *habeas corpus*. The reasons why the state is remediless in the former case, apply with equal force to the latter. To illustrate, suppose that, in a criminal prosecution, the trial court arrests judgment after conviction and dismisses the case on the ground that it has no jurisdiction thereof. So far

as that prosecution is concerned, the order in that behalf, which results in the discharge of the accused from custody, is final, and the state is remediless. But suppose the court holds it has jurisdiction, and proceeds to sentence the accused to imprisonment, and some court of competent jurisdiction thereafter discharges him upon *habeas corpus* because, in its opinion, the trial court had no such jurisdiction. Both discharges in the cases supposed rest upon precisely the same ground. It being the settled law that the state cannot have a writ of error in the one case, it seems logically to follow that it ought not to have the writ in the other.

The only adjudication by this court which is claimed to be a direct authority for allowing a writ of error in the present case, was made in *State ex rel. McCaslin v. Smith*, 65 Wis. 93. In that case a judgment had been rendered against Smith for the costs of a prosecution for larceny, instituted by him against one Davis, which had failed. The judgment was so rendered pursuant to sec. 4791, R. S. Smith was imprisoned under an execution against his goods and person, issued on such judgment. On a *habeas corpus* he was discharged from custody by a court commissioner, and the circuit court, on *certiorari*, affirmed the order of discharge. McCaslin then sued out a writ of error from this court to obtain a review and reversal of the order of affirmance. It was held that he was entitled to the writ.

The judgment in the above case under which Smith was imprisoned is nominally in favor of the state, but really in favor of the county which was chargeable with such costs. It is a mere judgment for money, and is not distinguishable in principle from an ordinary judgment for tort in a civil action between individuals, or from a case in which a person is imprisoned for violation of or non-compliance with an order made for the enforcement of a private right or remedy, as distinguished from imprisonment for a criminal contempt. For a discussion of this distinction, see *In*

*re Murphey*, 39 Wis. 286; *In re Pierce*, 44 Wis. 411, and cases cited.

In the present case the imprisonment of the defendant in error was for crime of which he had been duly convicted. This distinguishes it from the case of *State ex rel. McCaslin v. Smith*, and renders the application of a different rule entirely proper. Hence, while we do not question the accuracy of the judgment in that case, but rather re-affirm it, we hold that when, as in the present case, a person convicted and imprisoned for crime is discharged from custody in a *habeas corpus* proceeding by a court of competent jurisdiction, the state cannot obtain a review of the order or judgment in that behalf by writ of error. And it is immaterial whether such court issues the *habeas corpus* in the first instance, or adjudicates the matter on *certiorari* to a court commissioner who issued the writ.

Inasmuch as the judgment of this court herein can only be upheld on the assumption that the writ of error was properly issued at the suit of the state, and that assumption now being negatived, it follows that the motion for a rehearing must be granted.

The question here decided is one of considerable general interest, but has probably ceased to be of any importance in this particular case. *Grottkau's* term of imprisonment commenced April 5, 1888, and his sentence is for one year. If the time he has been at large since his discharge on *habeas corpus* is not deducted from such term, the same will expire April 5, 1889. While we do not here decide the point, we are strongly inclined to the opinion that the term of *Grottkau's* punishment, after having once commenced, was not interrupted by such discharge, and hence that it will expire April 5, 1889.

The proposition upon which the motion for a rehearing is granted has been fully and ably argued by the learned assistant attorney general, as well as by the learned coun-

sel for the defendant in error, and has been much considered by the court. It is not at all probable that further argument will change our opinion. Hence, after the order for rehearing is entered, the clerk will enter a further order quashing the writ of error and dismissing the case.

*By the Court.*— Ordered accordingly.