STATE, Plaintiff in error, vs. MEEN, Defendant in error.

*January 17—February 10, 1920.*

*Criminal law: Discharge of defendant for want of evidence: Writ of error by state to review order discharging defendant.*

1. A writ of error does not lie by the state in a criminal case except pursuant to constitutional statutory provisions.
2. The effect of discharging an accused person for want of sufficient evidence is in legal effect the same as a verdict of acquittal by a jury or a verdict of acquittal directed by the court.
3. The discharge of an accused person by the court, either before or after verdict, for want of sufficient evidence—in legal effect the same as an acquittal—is not reviewable by writ of error on the application of the state, under sec. 8, art. I, Const., relating to putting twice in jeopardy.
4. The court may discharge a defendant for want of evidence, and such an order is final and not reviewable under sec. 4724a, Stats.

ERROR to review an order of the circuit court for Marathon county: A. H. REID, Circuit Judge.   *Writ quashed.*

The writ was prosecuted by the state to review an order entered July 12, 1919, arresting judgment after verdict of guilty and discharging the defendant in error for want of evidence to sustain the verdict of the jury.

The defendant was charged with having violated the statutes, sec. 1791n—1 and 1791n—2, in that while engaged in the business of buying cream and butter fat for the purpose

of manufacture he did wilfully, knowingly, and intention-
ally, for the purpose of creating a monopoly and of destroy-
ing the business of a competitor in the village of Hatley,
Marathon county, discriminate between the different sec-
tions, communities, towns, villages, and cities of the state
by buying cream and butter fat at a higher price in the
village of Hatley than he then paid for the same commodity
in the town of Franzen in the same county, due allowance
being made for the difference in cost of transportation from
point of purchase and place of manufacture.

Four charges were preferred against the defendant for
violating this statute in the month of October, 1918. The
case was tried to the court and a jury. The jury on June
26, 1918, rendered a verdict finding the defendant guilty on
each of the four counts in the information. The defendant,
after verdict, moved in arrest of judgment, and that not-
withstanding the verdict the information be quashed and
defendant discharged upon the grounds (1) that the war-
rant states no offense known to the law; (2) that the stat-
utes on which the complaint is based are unconstitutional
and void; (3) that the state has offered no evidence suffi-
cient to show, or tending to show, a violation by defendant
of the law as charged in the information, and in the alterna-
tive, if this motion be denied, the defendant moved for a
new trial for manifest errors, specified in the motion. The
court passed on the first motion, holding that the statute,
sec. 1791n—1, is not obnoxious to the constitutional objec-
tion as claimed by defendant. The court, however, de-
termined that the defendant's motion excepting to the suffi-
ciency of the evidence to sustain the verdict in any reason-
able view thereof was well taken, and held that the defend-
ant's motion "to arrest judgment on the verdict and to dis-
charge the defendant must be granted." The record shows
that the defendant, at the conclusion of the testimony and
before the case was submitted to the jury, made a motion
to direct a verdict of acquittal, that the information be

quashed, and that the defendant be discharged.    The court in ruling on this motion stated:

"I am going to take the advice of this jury and then I shall determine all the questions raised.    I want to have the state in position to review this case before the supreme court if it should be necessary.    We can do that by taking the verdict and then considering the motion in arrest of judgment."

The court then denied the motion without prejudice to the right to review the same question by motion in arrest of judgment, after the verdict.

For the plaintiff in error there were briefs by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *George W. Lippert,* district attorney of Marathon county, and oral argument by *Mr. Messerschmidt.*

For the defendant in error there was a brief by *Harry L. Reevs* of Rhinelander and *Olin, Butler, Stebbins & Stroud* of Madison, and oral argument by *Harry L. Butler* and *Byron H. Stebbins.*

SIEBECKER, J.    The defendant's motion after verdict, among other things, demanded the discharge of the defendant on the ground that the evidence is insufficient to warrant the conviction of defendant of the offenses charged in the information.    The record is also clear that the defendant insisted on his discharge by asking the court to direct a verdict of acquittal at the conclusion of all the testimony in the case.    It is manifest that the defendant insisted that no case had been made against him and that the court direct that he be discharged from further prosecution in the case. This is the effect of the proceedings in the trial court.    In the light of this state of the case, is the state entitled to prosecute a writ of error to review the case in this court? Writs of error do not lie at the suit of the state unless they are provided for by statutes which are constitutional, under the provisions of sec. 8, art. I, Const., which provides: "No

State v. Meen, 171 Wis. 36.

person, for the same offense, shall be put twice in jeopardy of punishment." *State v. Kemp,* 17 Wis. 669; *State v. Martin,* 30 Wis. 216; *State v. Grottkau,* 73 Wis. 589, 41 N. W. 80, 1063.

There can be no dispute but that defendant was put in jeopardy before the motion for discharge for insufficiency of evidence could be made.   The effect of discharging the defendant for want of sufficient evidence is in legal effect the same as a verdict of acquittal by jury or a verdict of acquittal directed by the court.   Such a discharge by a court of competent jurisdiction is not reviewable by writ of error on the application of the state.   *State v. Grottkau,* 73 Wis. 589, 41 N. W. 80, 1063; *Schultz v. State,* 135 Wis. 644, 114 N. W. 505, 116 N. W. 259, 571.

Sec. 4724*a,* Stats., does not provide for a review of the order made in this case, because the order is in substance and effect one discharging the defendant for want of evidence. It is not merely an order in arrest of judgment.   That the court had the right to make such an order and that it is final in the case is recognized in this state.   *Ohms v. State,* 49 Wis. 415, 5 N. W. 827; *Prinslow v. State,* 140 Wis. 131, 121 N. W. 637; *Gerke v. State,* 151 Wis. 495, 139 N. W. 404; *Devoy v. State,* 122 Wis. 148, 99 N. W. 455.

*By the Court.*—The writ of error is quashed.

WINSLOW, C. J., and KERWIN and OWEN, JJ., took no part.