STATE, Appellant, v. DETCO, INC., Respondent.

*No. State 95. Submitted under sec. (Rule) 251.54 November 1, 1974.—Decided December 20, 1974.*
(Also reported in 223 N. W. 2d 859.)

The cause was submitted for the appellant on the briefs of *Robert W. Warren,* attorney general, and *Thomas J. Balistreri,* assistant attorney general, and for the respondent on the brief of *James A. Walrath* and *Shellow & Shellow,* all of Milwaukee.

WILKIE, C. J.    This is an attempted appeal by the state from a judgment dismissing the information and setting aside a jury verdict of guilty on the ground there was insufficient evidence of the existence and scope of the agency which would have implicated the corporate defend-

ant-respondent, Detco, Inc., on a charge of exhibiting an obscene movie in Milwaukee.

The appeal should be dismissed for two reasons: (1) It is unauthorized by sec. 974.05, Stats., which governs appeals by the state in criminal cases, and (2) it is prohibited by the double jeopardy clause of the fifth amendment of the United States Constitution.

Defendant-respondent, Detco, Inc., was charged with exhibiting on August 31, 1971, at the Parkway Theater in Milwaukee the allegedly obscene preview of a film entitled "Daughters of Anomaly," in violation of sec. 944.21, Stats. Only one witness testified at the trial: An assistant Milwaukee county district attorney who viewed the preview twice on August 29th and once on August 31, 1971. He testified to buying a ticket at the box office, handing it to the ticket taker inside, taking his seat in the theater, and viewing the five-minute preview when it came on the screen following the feature film. He also testified in detail as to the preview's content. It is unnecessary here to relate the description because no question as to the obscene character of the film is raised on this appeal. The preview itself was not placed in evidence at the trial. The parties stipulated in front of the jury that at all relevant times Detco was a Wisconsin corporation licensed to do business in the state, and that it was the "owner and operator" of the Parkway Theater in Milwaukee.

At the close of the evidence, Detco moved to dismiss the charges, but the trial court reserved ruling on the motion until after the jury had made its decision. After the jury returned a verdict of guilty, Detco made a motion for judgment notwithstanding the verdict, and a motion for a new trial. The trial court then filed a memorandum decision, holding that the state's proof had been inadequate to establish the connection between Detco and the showing of the preview. The court held that while a

corporation may be liable for its agent's acts, here there was insufficient evidence of the existence and scope of the agency. The decision concluded with the following mandate giving judgment to Detco: "The verdict of the jury is set aside and the information is dismissed."

The state has appealed from the trial court's judgment of dismissal.

One issue is dispositive of this case: *May the state appeal from this judgment setting aside the jury verdict and dismissing the information?* We do not reach the merits of the trial court's ruling on the failure of the state to prove agency. The appeal is barred for two reasons and must be dismissed. The first reason is that such an appeal is clearly not included in those permitted to the state in criminal cases under sec. 974.05, Stats.[1] That section provides:

"**State's appeal.** (1) A writ of error or appeal may be taken by the state from any:

"(a) Final order or judgment adverse to the state made before jeopardy has attached or after waiver thereof.

"(b) Order granting a new trial.

"(c) Judgment and sentence or order of probation not authorized by law.

---

[1] The state's right to appeal a judgment rendered in favor of a criminal defendant is purely statutory. In *Scheid v. State* (1973), 60 Wis. 2d 575, 583a, 211 N. W. 2d 458, the court held that the right of appeal in criminal cases is purely statutory except as provided in art. I, sec. 21 of the Wisconsin Constitution which provides: "Writs of error shall never be prohibited by law." The court said that this provision: "gives the constitutional right of appeal in criminal cases of a nature that were appealable at the time of adoption of the constitution." At that time the state did not have the right to appeal, as the court said in *State v. Kemp* (1864), 17 Wis. 690 (*669), 693 (*672), the first case to consider this problem: ". . . it rests with the legislature to determine whether the state shall bring a writ of error in a criminal case to review such questions or not. As the law now stands, we must hold that the right does not exist." *See also: State v. Meen* (1920), 171 Wis. 36, 38, 176 N. W. 70.

"(d) Order or judgment the substantive effect of which results in:

"1. Quashing an arrest warrant;
"2. Suppressing evidence; or
"3. Suppressing a confession or admission.

"(2) Whenever the defendant appeals or prosecutes a writ of error, the state may move to review rulings of which it complains, as provided by s. 274.12.

"(3) Permission of the trial court is not required for the state to appeal, but the district attorney shall serve notice of such appeal or of the procurement of a writ of error upon the defendant or his attorney."

Sub. (1) (a) most closely applies here. The trial court entered a final judgment adverse to the state. However, since the judgment was entered after jeopardy attached,[2] the state is not authorized to appeal unless jeopardy was waived. There was no waiver here and thus the state's appeal is barred.

A prior version of sec. 974.05, Stats., contained a paragraph (e), which authorized appeal from a:

"Judgment adverse to the state, upon questions of law arising upon the trial, in the same manner and with the same effect as if taken by the defendant."

This court held that a postverdict ruling that the evidence was insufficient to sustain a finding of guilty posed an appealable question of law under this language.[3] The trial court made such a ruling in the instant case, and its judgment would be appealable under the prior version of sec. 974.05. However, following the United States Supreme Court's decision in *Benton v. Maryland*,[4] over-

---

[2] Sec. 972.07, Stats., provides in part: "Jeopardy attaches: . . . (2) In a jury trial when the selection of the jury has been completed and the jury sworn."

[3] *State v. Kennedy* (1962), 15 Wis. 2d 600, 606–609, 113 N. W. 2d 372, overruled on other grounds, *State v. Holmstrom* (1969), 43 Wis. 2d 465, 476, 168 N. W. 2d 574; *State v. Witte* (1943), 243 Wis. 423, 10 N. W. 2d 117.

[4] (1969), 395 U. S. 784, 89 Sup. Ct. 2056, 23 L. Ed. 2d 707.

ruling *Palko v. Connecticut*,[5] holding the double jeopardy clause of the fifth amendment to the federal constitution applicable to the states, par. (e) was repealed by the legislature, effective May 13, 1972.[6] There is no question that appealability of the trial court's decision rendered on October 31, 1972, is to be determined under the present version of sec. 974.05. Because that statute does not authorize the state's appeal here, the appeal must be dismissed.

The second reason that the appeal should be dismissed is that it is barred by the double jeopardy clause of the fifth amendment to the federal constitution, which provides:

". . . nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ."

*Benton v. Maryland*[7] held this provision applicable to the states through the fourteenth amendment due process clause. The double jeopardy clause means not only that a criminal defendant may not be tried on the same charges twice, but also that the government may not appeal from an acquittal. As the supreme court said in *United States v. Sisson:*[8]

". . . it is, of course, well settled that an acquittal can 'not be reviewed, on error or otherwise, without putting [the defendant] twice in jeopardy, and thereby violating the Constitution.' "

Was the trial court's decision here setting aside the jury verdict and dismissing the information an "acquittal" for double jeopardy purposes and therefore not appealable? The answer clearly is "yes." The facts in

---

[5] (1937), 302 U. S. 319, 58 Sup. Ct. 149, 82 L. Ed. 288.

[6] Ch. 298, sec. 25, Laws of 1971.

[7] 395 U. S. at pages 793–796.

[8] (1970), 399 U. S. 267, 289, 90 Sup. Ct. 2117, 26 L. Ed. 2d 608.

the instant action closely resemble those in *Sisson*. In *Sisson* the defendant was charged with failure to submit to induction into the armed services. The jury found him guilty and defendant then made a postverdict motion to arrest the judgment on the grounds that the district court lacked jurisdiction over the case which presented, according to defendant, a nonjusticiable political question. The trial court granted the motion but not on the grounds asserted by defendant. Instead, the court said that even though the jury had not been instructed on this point, the facts developed at trial showed defendant to be a de facto conscientious objector who could not, consistent with the first amendment free exercise clause, be drafted. The government appealed the decision.

The question on appeal was whether the district court's ruling was an appealable "arrest of judgment" or a nonappealable postverdict directed acquittal. Under the Federal Criminal Appeals Act,[9] a decision arresting a judgment of conviction is appealable where it is based upon the insufficiency of an indictment due to invalidity of the statute upon which the indictment was founded.[10] However, even though the district court characterized its decision as an arrest of judgment, the supreme court in *Sisson* found it to be a postverdict directed acquittal. The court said that the label put on the decision by the trial court was not determinative for double jeopardy purposes. The court held that where a trial court "render[s] a legal determination on the basis of facts adduced at the trial relating to the general issue of the case," [11] then its decision in favor of the defendant will

---

[9] 18 U. S. Code, sec. 3731 (1970).

[10] 399 U. S. at pages 279, 280.

[11] 399 U. S. at page 290, note 19. *See, United States v. Jorn* (1971), 400 U. S. 470, 478, 91 Sup. Ct. 547, 27 L. Ed. 2d 543.

Prior Wisconsin cases created a similar standard. *See, State v. Meen* (1920), 171 Wis. 36, 39, 176 N. W. 70 ("The effect of

be deemed an acquittal. The court concluded it had no jurisdiction over the appeal regardless of whether the trial court had made an error of law in dismissing the defendant:

". . . we conclude that the decision below, depending as it does on facts developed at Sisson's trial, is not an arrest of judgment but instead is a directed acquittal. As such, it is not a decision that the Government can appeal. Consequently, this appeal must be dismissed for lack of jurisdiction without our considering the merits of this case. We, of course, intimate no view concerning the correctness of the legal theory by which the District Court evaluated the facts developed at the trial." [12]

The instant case is governed by *Sisson*. Here the trial court did "render a legal determination on the basis of facts adduced at the trial" when it set aside the guilty verdict and dismissed the information due to insufficiency of the evidence. The court's action is thus, in legal effect, a postverdict directed acquittal and, as in *Sisson*, his decision may not be appealed. This court, therefore, has no subject matter jurisdiction over the case.

The state raises two arguments which would allow its appeal here despite the conclusions expressed above. However, neither argument is persuasive.

The state first argues that the trial court had no authority to set aside the verdict and dismiss the information. Therefore, contends the state, the trial court action was absolutely void and did not result in acquittal of Detco. The state then asks that the trial court ruling be construed as an appealable [13] order for a new trial, or disregarded entirely, thus resurrecting the jury verdict of guilty.

discharging the defendant for want of sufficient evidence is in legal effect the same as a verdict of acquittal by jury or a verdict of acquittal directed by the court."); *Salters v. State* (1971), 52 Wis. 2d 708, 715, 191 N. W. 2d 19.

[12] 399 U. S. at page 270.

[13] *See* sec. 974.05 (1) (b), Stats.

The state's argument misconceives the broad scope of the double jeopardy clause. Where a defendant is discharged on the merits by a court possessing jurisdiction over the subject matter and over the parties, as here, its action is nonappealable no matter how erroneous its legal foundation.[14] If the state's argument were adopted, and any error of law by a trial court held to render the trial court's decision null and void, the double jeopardy clause would itself be rendered meaningless as applied to actions of the trial judge.

The state's second contention is that Detco waived jeopardy by making a postverdict motion for a new trial. We are unpersuaded by this argument.

Detco made three motions relevant to the question considered here. First it made a motion to dismiss at the end of the case before its submission to the jury. The trial court reserved its ruling on this motion. Second, Detco moved for judgment notwithstanding the verdict after the jury found it guilty. Actually, although the motion asked for a judgment notwithstanding the verdict, it was in substance another motion to dismiss based on insufficiency of the evidence.[15] Third, Detco moved for a

[14] *Fong Foo v. United States* (1962), 369 U. S. 141, 143, 82 Sup. Ct. 671, 7 L. Ed. 2d 629 ("The Court of Appeals thought, not without reason, that the acquittal was based upon an egregiously erroneous foundation. Nevertheless, '[t]he verdict of acquittal was final, and could not be reviewed . . . without putting [the petitioners] twice in jeopardy, and thereby violating the Constitution.' ").

*Benton v. Maryland* (1969), 395 U. S. 784, 797, 89 Sup. Ct. 2056, 23 L. Ed. 2d 707 (" '[A]lthough the indictment was fatally defective, yet, if the court had jurisdiction of the cause and of the party, its judgment is not void, but only voidable by writ of error . . . ,' and the Government could not have the acquittal set aside over the defendant's objections.").

[15] As the court said in *State v. Escobedo* (1969), 44 Wis. 2d 85, 90–92, 170 N. W. 2d 709, a motion for a judgment *non obstante veredicto* cannot test the sufficiency of the evidence adduced at trial, since it admits the truth of the allegations

new trial at the same time it asked for a judgment *non obstante veredicto*. These latter two motions were not expressly stated to be alternative requests.

Where a defendant asks for and receives a new trial, he cannot argue that the double jeopardy clause bars the second trial. Implicit in a request for a new trial is a waiver of the right to assert the double jeopardy argument if the request is granted.[16] However, the state's contention that Detco waived jeopardy by asking for a new trial is meritless because the request was not granted. Instead the court granted the motion to dismiss. There is no authority holding that the waiver implicit in a request for a new trial may be exported into all other motions concurrently made. Although not expressly stated, certainly Detco intended its two postverdict motions as requests for relief in the alternative in the same way that a civil complaint may state alternative and inconsistent causes of action. To avoid the waiver problem suggested by the state, criminal defendants would first have to move for dismissal and only after receiving a ruling, then move for a mistrial if before verdict or a new trial if after. In the interest of judicial economy, however, the state's argument should be rejected and defendants should be encouraged to make all motions at one time, even if inconsistent.

---

of the indictment and the facts supporting the verdict and, like a demurrer in a civil case, raises only issues of law. The court disapproved the use of the motion for a judgment notwithstanding the verdict in criminal cases because it denied "the trial court the opportunity to test any specific objections that the defendant might have raised to the sufficiency of the evidence." *Id.* at page 90. The defendant's motion for a judgment notwithstanding the verdict here, however, specified six areas where the verdict was allegedly unsupported by the evidence, and should more properly have been denominated a motion to dismiss.

[16] *State v. Meier* (1973), 60 Wis. 2d 452, 461, 462, 210 N. W. 2d 685; *State v. Schmear* (1965), 28 Wis. 2d 126, 135 N. W. 2d 842.

We conclude that the state's appeal must be dismissed for lack of subject matter jurisdiction.

*By the Court.*—Appeal dismissed and cause remanded for further proceedings not inconsistent with this opinion.