DAY, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–685–CR. Submitted on briefs March 3, 1977.—*
*Decided March 29, 1977.*
(Also reported in 251 N. W. 2d 811.)

590

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *William L. Gansner,* assistant attorney general.

HANLEY, J. The sole issue presented is whether the reprosecution of the defendant placed him in double jeopardy.

Defendant contends his retrial, which resulted in a conviction, placed him twice in jeopardy for the same offense, contrary to the fifth amendment of the United States Constitution and sec. 8, art. I of the Wisconsin Constitution. This court has noted that the double jeopardy provisions of both the state and federal constitutions are identical in scope and purpose, and thus has accepted the decisions of the United States Supreme Court, where applicable, as controlling. *State v. Calhoun,* 67 Wis.2d 204, 220, 226 N.W.2d 504 (1975).

It is a well-established principle that the double jeopardy provisions do not preclude the state's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction. *United States v. Dinitz,* 424 U.S. 600, 610 (1976); *United States v. Jorn,* 400 U.S. 470, 484 (1971). This court has also recognized that a defendant who succeeds in getting his first conviction set aside cannot argue successfully that the double jeopardy provisions bar a second prosecution. *State v. Detco,* 66 Wis.2d 95, 104, 223 N.W.2d 859

(1974) ; *State v. Meier,* 60 Wis.2d 452, 461–62, 210 N.W.2d 685 (1973).

The rule permitting reprosecution after a defendant's conviction is set aside "reflects the judgment that the defendant's double jeopardy interests, however defined, do not go so far as to compel society to so mobilize its decision-making resources so that it will be prepared to assure the defendant a single proceeding free from harmful governmental or judicial error." *United States v. Jorn, supra* at 484.

Also, this court has adopted a doctrine of waiver where a defendant requests a new trial. "Implicit in the request for a new trial must of necessity be a waiver of the objection to the new trial on the ground of double jeopardy." *State v. Schmear,* 28 Wis.2d 126, 135, 135 N.W.2d 842 (1965).

The application of the above principles to the instant case, where the defendant sought a new trial upon post-conviction motion and succeeded, compels the conclusion that he was not placed twice in jeopardy by reprosecution for these offenses.

Defendant's counsel, however, argues that his case is special, and the general rule should not apply. His claim is that this case falls within a narrow exception to the general rule of permitting retrial after a mistrial is granted upon the defendant's request or with his consent. This exception was discussed by this court in *State v. Calhoun, supra* at 222–26. Simply stated, the general rule prevails that where a defendant requests or consents to a mistrial, double jeopardy principles do not bar the state from retrying him. *United States v. Jorn, supra* at 485. An exception to this rule exists, however, where a defendant's mistrial motion is necessitated by judicial or prosecutorial impropriety designed to avoid an ac-

quittal. *United States v. Jorn, supra* at 485, n. 12; *United States v. Tateo,* 377 U.S. 463, 467–68, n. 3 (1964). Thus, under this exception, the principle of double jeopardy protects a defendant from reprosecution where prosecutorial or judicial actions are intended to provoke mistrial requests, the granting of which affords the prosecution a more favorable opportunity to convict the defendant. *United States v. Dinitz, supra* at 611.

Counsel for the defendant in the instant case claims that the perjury on the part of a critical state witness was prosecutorial conduct "designed to avoid an acquittal" and thus, since the conviction was set aside on this ground, reprosecution is barred. We think this argument has two basic flaws, and therefore we do not agree.

In the first place, the rule which the defendant seeks to impose has evolved in relation to retrial after mistrial, while the instant case does not involve the declaration of a mistrial, but the setting aside of a conviction upon a jury's verdict. The defendant claims that the case of *United States v. Tateo, supra,* stands for the proposition that the principles of double jeopardy operate in the same manner regardless of the circumstances in which the issue arises. However, in *United States v. Jorn, supra* at 484, the U. S. Supreme Court recognized a "crucial difference" between prosecution after a conviction has been set aside and reprosecution after declaration of a mistrial. Where prosecution is had after the conviction is set aside, the defendant is not deprived of his option to go to the first jury and, perhaps, terminate the action then and there with an acquittal. Where, however, a mistrial is declared, either without the defendant's consent or upon the defendant's motion provoked by prosecutorial or judicial impropriety designed to avoid an acquittal, the defendant is deprived of his right to have the case decided by a particular tribunal. In discussing this "crucial difference," the court noted

that nothing stated in Tateo could properly be taken to indicate a contrary view. *United States v. Jorn, supra* at 484, n. 11. We conclude this exception to the general rule permitting retrial after mistrial is not directly applicable here.

The second reason why defendant's case cannot be within the exception stated above is because the perjured testimony involved here is not the sort of judicial or prosecutorial impropriety to which the Supreme Court refers when discussing that which bars retrial after mistrial. It is obvious, in this regard, that the Supreme Court is concerned with governmental actions which are intended to provoke mistrial requests by the defendant where it is recognized that the prosecution's case is going badly and the jury is likely to acquit the accused. *United States v. Dinitz, supra* at 611; *United States v. Jorn, supra* at 489; *State v. Calhoun, supra* at 223–24.

The defendant contends the perjury in his first trial was designed to avoid acquittal, but, of course, any evidence offered against a defendant is offered in an effort to avoid an acquittal. The sort of impropriety to which the Supreme Court has referred in this regard, however, must be designed to avoid acquittal by provoking a mistrial to prevent the jury from considering the question of guilt. The intent of this sort of prosecutorial or judicial impropriety is to give the state a second chance to prosecute where it sees its first attempt is not going well. It is obvious here that the perjured testimony was not offered by the prosecution, realizing that its case was going badly, for the purpose of provoking a mistrial in order to secure another, more favorable, opportunity to convict the defendant. We find the defendant's argument unpersuasive.

*By the Court.*—Judgment affirmed.

ABRAHAMSON, J. *(concurring).* I do not read the majority opinion to mean that in every case in which a

conviction is set aside on post-conviction collateral attack entirely because of prosecutorial misconduct, double jeopardy principles do not bar the State from retrying the defendant. The decision should not be interpreted to mean that in a case where double jeopardy would bar reprosecution if a mistrial is granted, double jeopardy would not bar prosecution if a motion after conviction is granted.