STATE of Wisconsin, Plaintiff-Appellant,

v.

Donald T. MAZUR, Defendant-Respondent.

Court of Appeals

No. 79–1847–CR.  *Argued December 12, 1980.—Decided March 10, 1981.*
(Also reported in 304 N.W.2d 180.)

For the plaintiff-appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Pamela Magee-Heilprin,* assistant attorney general. Oral argument by *Pamela Magee-Heilprin.*

For the defendant-respondent the cause was submitted on the brief of *Michael Yovovich,* assistant state public defender. Oral argument by *Michael Yovovich.*

Before Voss, P.J., Brown and Scott, JJ.

VOSS, P.J.   This is an appeal by the State from an order dismissing count one of a two-count information alleging possession of burglarious tools in violation of sec. 943.12, Stats., and theft in violation of secs. 943.20 (1) (a) and (3) (b), Stats.   The State contends the trial court erroneously dismissed the possession of burglarious tools count.   Because we conclude that the trial court's dismissal constituted an acquittal and the double jeopardy clause bars any reprosecution of that charge, we do not reach the merits of the State's appeal.

The defendant was a newly hired employee of a gasoline station in West Bend, Wisconsin.   On October 3, 1976, he was scheduled to close the station alone for the

first time. He arrived at work, and the employee whom he was relieving departed. On the following morning, October 4, 1976, the manager arrived for the opening shift at approximately 5:30 A.M. He discovered the safe had been broken into and the cash, which had been in the safe, removed. Police were called, and it was discovered that although there was evidence of forced entry into the safe, there was no evidence of forced entry into the gas station. While the police were investigating on the premises, the defendant drove up, and at police request, he submitted his vehicle to a search. While conducting this search, the police discovered a tool chest containing a chisel such as could have been used in prying open the safe.

Defendant's trial was held in abeyance pending appeal of the trial court's ruling on the question of admissibility of the chisel into evidence to the supreme court. The supreme court determined that the chisel was admissible into evidence. *State v. Mazur*, 90 Wis.2d 293, 280 N.W. 2d 194 (1979).

Count two of the information alleged that the theft occurred on October 3. Count one of the information alleged the burglarious tool was in defendant's possession on October 4. During trial, at the conclusion of the presentation of evidence, defendant moved to dismiss count one of the information on the ground that there was no proof presented that the offense charged therein occurred on October 4. The defendant argued that the occurrence of the theft on October 3 was not sufficient evidence of intent to use the chisel to commit a burglary since the theft occurred before the chisel was alleged to be in his possession. Hence, there was no proof adduced at trial that the chisel was possessed with intent to use it in a burglary. The State, urging that the defect was merely technical in nature, moved to amend count one of the information to read "on or about October 3," as was

alleged in count two. The trial court denied the State's motion to amend, for it concluded that such an amendment would be prejudicial, coming after the defense had rested. The trial court then granted the defendant's motion to dismiss count one.[1] Whether the court dismissed the count because it considered the problem to be one of insufficient evidence as opposed to a technical error is of paramount importance in determining whether the double jeopardy clause bars this court from hearing the State's appeal.[2]

The fifth amendment double jeopardy clause is applicable to the states through the due process clause of the Fourteenth Amendment to the United States Constitution. *Benton v. Maryland,* 395 U.S. 784, 794 (1969).

---

[1] The trial court reasoned:

BY THE COURT:

I believe I understand both of your arguments, and Mr. Fink's argument with respect to the date of the 4th. The problem as I see it is that the motion to amend is after the both parties have rested. The defense has rested. I wonder then if the defendant is required to show prejudice? Just the mere fact it is done after the resting of the defense. I would admit that as I read the informations to the jury at the opening of this trial, that this date of October 4 caught my attention. I think the Court is left in a very awkward position. I think there are meritorious arguments both ways, but I think under the circumstances I will have to stand on the ruling I just made, and the motion to amend is prejudicial to the defendant because it comes after he has rested. And I think the reasonable construction of the information as it was filed here pertains to October 4th, period. The other count pertains to October 3. If the State had intended to prosecute on that basis, it was under the obligation to amend the information before the close of the case.

So, the count with respect to possession of a burglarious tool is dismissed.

[2] The double jeopardy clause reads as follows: ". . . nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." The Wisconsin Constitution contains a similar clause. *See* Wis. Const. art. I, §8.

Because the former jeopardy provisions of the United States and Wisconsin Constitutions are "identical in scope and purpose," the Wisconsin Supreme Court has accepted decisions of the United States Supreme Court, where applicable, as controlling the double jeopardy provisions of both constitutions. *Day v. State,* 76 Wis.2d 588, 591, 251 N.W.2d 811, 812–13 (1977) ; *State v. Calhoun,* 67 Wis.2d 204, 220, 226 N.W.2d 504, 512 (1975).

The general design of the double jeopardy clause was described by the Supreme Court in *Green v. United States,* 355 U.S. 184, 187–88 (1957) :

The constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense . . . . The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the state with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

The concept of double jeopardy has ancient roots lying in the common law pleas of *autre fois acquit, autre fois convict* and pardon and found expression in the legal tradition of colonial America. *United States v. Wilson,* 420 U.S. 332, 339–42 (1975). The specific purpose of the double jeopardy clause has been found to be threefold :

It [the double jeopardy clause] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. [Footnotes omitted.] *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969).

The State asks this court to review the decision of the trial court dismissing a charge of possession of burglarious tools. The trial court dismissed the charge upon motion by the defendant because the State failed to present any evidence that the chisel was possessed with intent to commit a burglary. Where a court terminates a trial prior to a jury verdict at a defendant's request, the State may only seek a review of the trial court's action when the defendant's request for dismissal was based on grounds unrelated to his guilt or innocence. *United States v. Scott,* 437 U.S. 82, 98–99 (1978). A defendant is effectively acquitted, and double jeopardy bars reprosecution, only when "the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571 (1977). An appeal of a dismissal is barred, then, when a court evaluated the prosecution's evidence and determined that it was legally insufficient to sustain a conviction. *United States v. Scott, supra,* at 97. Even where an acquittal is based upon legal rulings which are erroneous, a defendant may not be retried on the same offense. *Sanabria v. United States,* 437 U.S. 54, 64 (1978).[3]

In this case, the defendant moved to have the charge of possession of a burglarious tool dismissed due to insufficient evidence on the issue of felonious intent, an

---

[3] In *Sanabria,* the trial court made an erroneous evidentiary ruling excluding certain evidence. The exclusion of the evidence caused the court to grant a motion for a judgment of acquittal, since the remaining evidence was insufficient to convict. The Supreme Court held that the fundamental rule of double jeopardy jurisprudence was such that an acquittal could not be reviewed.

element of the crime.[4] The trial court granted this motion. The double jeopardy clause and the case law interpreting it foreclose the State from seeking appellate review of that decision. This is so because a second trial would be necessitated by a reversal, and a second trial would be violative of the double jeopardy clause since the motion to dismiss was directly related to the issue of guilt or innocence. *See United States v. Scott, supra,* at 98–99. Although the trial court's ruling may have been erroneous, a conclusion we do not reach, any error would be clearly irrelevant in light of the Supreme Court's decision in *Sanabria, supra.*

Because we conclude that the double jeopardy clause bars any reprosecution of the defendant on count one, we need not address the issue of whether the trial court acted erroneously in failing to amend count one as requested by the State.[5]

*By the Court.*—Appeal dismissed.

---

[4] The defendant moved the court as follows:
BY MR. GUY:
Well, we can put the motion in.
I am moving to dismiss the entire proceeding. There has not been sufficient evidence to demonstrate that on the 4th—this is important—on the 4th of October, 1976, that Mr. Mazur possessed that chisel for the purposes of a burglary, or breaking into any depository. He is charged with this being on the 4th. The theft took place on the 3rd. So, you can't possess and have—they have not proved any intent to commit any other acts of burglary with that tool. That is even assuming that they have proven that he has in—sufficiently that he had possession of the tool. And other than the fact that there was testimony that he had used the tool some time significantly prior to October 3 for the purpose of repairing some bicycle or some toys, there is not any proof that on the 3rd or the 4th that he actually possessed that tool.

[5] An opinion was originally issued in this case on January 27, 1981. This court, on its own motion, withdrew that opinion on February 18, 1981. The basis for our *sua sponte* motion was to await the outcome of *Hudson v. Louisiana,* No. 79–5688, 48 U.S.L.W. 4159 (1981), in the belief that *Hudson* might further elucidate the holding in this case.

*Hudson* has now been released, and it is consistent with our opinion in all respects. One of the arguments not specifically raised by the State but one which we ourselves entertained was whether *Scott* and *Sanabria* are limited to trials to the court. The reasoning is that when a trial court is the trier of fact and dismisses a case due to insufficiency of evidence, the judge is also the ultimate arbiter of credibility of witnesses. Therefore, when the trial court finds insufficient evidence, its action is parallel to a jury verdict of acquittal.

It can be argued that if the jury is the trier of fact and the trial judge takes the case away from the jury, this would not have the same effect as a jury verdict of acquittal because it is a judgment of dismissal as a matter of law. The theory concludes that such a decision by the trial judge is appealable by the State because he is deciding that the evidence is insufficient as a *matter of law* rather than as a finder of fact.

We were not persuaded by this reasoning when we first wrote this case, and we are even less persuaded now that *Hudson* has been released. *Scott* and *Sanabria* both were jury trials where the trial court took the case away from the jury at the conclusion of the State's case. They were held to be verdicts of acquittal, and double jeopardy attached. Nowhere did either case distinguish between those instances where a trial court sat as trier of fact and those where there was a jury.

In *Hudson*, the trial judge, after a guilty verdict, granted the defendant a new trial on the ground the evidence presented at the trial was insufficient as a matter of law. *Hudson* makes it clear that when a trial judge finds insufficient evidence even as a matter of law, it is a verdict of acquittal, and the double jeopardy clause bars the State from prosecuting a second time.