STATE of Wisconsin, Plaintiff,

v.

Jesse H. HARRIS, Defendant-Petitioner. [Case No. XX–0675–CR.]


STATE of Wisconsin, Plaintiff,

v.

John W. JOHNSON, Defendant-Petitioner. [Case No. XX–0708–CR.]


STATE of Wisconsin, Plaintiff,

v.

James L. DAVIS, Defendant-Petitioner. [Case No. XX–0716–CR.]

Supreme Court

*Nos. XX–0675–CR, XX–0708–CR, XX–0716–CR. Submitted on briefs April 26, 1989.—Decided June 1, 1989.*

(Also reported 440 N.W.2d 364.)

For the defendants-petitioners there was a brief by *Steven D. Phillips,* first assistant state public defender.

For the plaintiff there was a brief by *Barry M. Levenson,* assistant attorney general, and *Donald J. Hanaway,* attorney general.

HEFFERNAN, CHIEF JUSTICE. Petitioners Harris, Johnson, and Davis were each convicted in criminal trials and then failed, for various reasons, to meet statutory time deadlines in pursuit of postconviction relief. Sec. (Rule) 809.30(2), Stats.,[1] requires criminal defendants to file notice within twenty (20) days of sentencing if they wish to seek postconviction relief. Harris' and Johnson's notices were received by the

---

[1]Section (Rule) 809.30(2), Stats., provides in part:

> (2) Appeal or postconviction motion by defendant. (a) A defendant seeking postconviction relief in a felony case shall comply with this section. ...
> (b) Within 20 days of the date of sentencing, the defendant shall file in the trial court and serve on the district attorney a notice of intent to pursue postconviction relief. ...

court several days late. Harris' attorney admitted that the fault was her's. Johnson's attorney simply discontinued representing Johnson, without explanation, after missing the filing deadline.

Davis filed his Rule 809.30 notice on time, but did not receive timely appellate representation because the clerk of court did not send a copy of the postconviction notice to the public defender's office as required by statute.[2]

In each of these cases, the petitioner moved the court of appeals for enlargement of the time for compliance with the rules, citing good cause. In each case the court of appeals' motion judge refused to grant the motion. The court's subsequent orders made no finding that good cause was absent in any of these cases. Rather, the orders stated that the statutory time limits were mandatory. As none of the subsequent deadlines were therefore met, *e.g.*, for notice of appeal, the order in each case was tantamount to dismissal.[3]

Although Rule 809.30 requires filing of the notice within twenty (20) days of sentencing, Rule 809.82, Stats.,[4] provides that the court of appeals may "upon its

---

[2]Rule 809.30(2)(c), Stats., requires the clerk of court to notify the state public defender's office within five days of the filing of the notice under Rule 809.30(2). The public defender, under Rule 809.30(2)(e), is required to appoint counsel within thirty days of the filing of the notice. Because of the clerk's failure, the public defender's office received no notification and consequently made no appointment of counsel within the statutory time limit. The judge declined to permit appointment of counsel after the thirty-day period, concluding, "The motion is late."

[3]Thus, no appeal numbers have been assigned.

[4]Section (Rule) 809.82(2), Stats., provides in full:

(2) Enlargement or reduction of time. (a)   Except as provided in par. (b), the court upon its own motion or upon good cause shown

own motion or upon good cause shown by motion" extend filing deadlines "for doing any act." If the rule were not clear enough, the Judicial Council Committee's Note, 1978, to sec. 809.30, states: "Extensions of time for taking *various steps* under this section can be granted by the court of appeals under Rule 809.82." (Emphasis supplied.)

In published opinions, the court of appeals has uniformly held that the deadlines of sec. 809.30, Stats., may be extended. Thus, the court of appeals has written, "Under Rule 809.30, extensions of time for taking various steps can be granted by this court under Rule 809.82." *State v. Rembert,* 99 Wis. 2d 401, 406, 299 N.W.2d 289 (Ct. App. 1980), cited with approval in *In re Marriage of Biel v. Biel,* 130 Wis. 2d 335, 337, 387 N.W.2d 295 (Ct. App. 1986). In *Dobberfuhl v. Madison White Trucks, Inc.,* 118 Wis. 2d 404, 406, 347 N.W.2d 904 (Ct. App. 1984), the court of appeals stated, "The time for filing a notice of appeal or cross-appeal of a final judgment or order *other than* an appeal under Rules *809.30* or 809.40(1) may not be enlarged." (Emphasis supplied.) The cases clearly hold that the court of appeals has authority to extend the deadlines of Rule 809.30(2) upon a showing of good cause.

There is no issue in contention in this case. Both the state and the public defender's office agree that in these instances the court of appeals has applied the

---

by motion, may enlarge or reduce the time prescribed by these rules or court order for doing any act, or waive or permit an act to be done after the expiration of the prescribed time.

(b) Notwithstanding the provisions of par. (a), the time for filing a notice of appeal or cross-appeal of a final judgment or order other than in an appeal under s. 809.30 or 809.40(1) may not be enlarged.

statute incorrectly. The plain language of the rules, supported by the notes of the Judicial Council Committee, provides that the court of appeals may enlarge the time for filing a notice of intent to pursue postconviction relief and the "various steps under [sec. 809.30]." The published cases interpreting Rule 809.30 are in accord.[5] Extension of the deadlines of Rule 809.30 may be granted upon a showing of good cause.

The orders in these cases were based on an erroneous view of the law and must be reversed. In each of the three cases before us, good cause for extension of the time for compliance with the various steps has been shown. These cases are therefore remanded so that each petitioner may pursue postconviction relief.

*By the Court.*—Orders reversed; causes remanded.

---

[5]Any other holding might implicate the fourteenth amendment to the United States Constitution. Because Wisconsin has created a procedure for appealing a criminal conviction, that procedure must comply with the requirements of due process. *Griffin v. Illinois,* 351 U.S. 12, 18 (1956). *Evitts v. Lucey,* 469 U.S. 387, 396–400 (1985), provides that, in accordance with due process, a criminal defendant's right to appeal cannot be extinguished because of his attorney's incompetence—nor, we conclude, by the delinquent and tardy compliance by clerks of court or other functionaries in the criminal justice system.