STATE of Wisconsin, Plaintiff-Respondent-Cross Appellant-Petitioner,

v.

James D. NEWMAN, Defendant-Appellant-Cross Respondent.

Supreme Court

*No. 89–1669–CR. Argued February 27, 1991.—Decided May 22, 1991.*

(Also reported in 469 N.W.2d 394.)

For the plaintiff-respondent-cross appellant-petitioner the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the defendant-appellant-cross respondent there was a brief by *Waring R. Fincke* and *Dvorak & Fincke, S.C.,* Milwaukee and oral argument by *Waring R. Fincke.*

SHIRLEY S. ABRAHAMSON, J. This is a review of a published decision of the court of appeals, *State v. Newman,* 157 Wis. 2d 438, 459 N.W.2d 882 (1990), dismissing the state's cross-appeal[1] of an order of

[1]The state cross-appealed pursuant to secs. 974.05(2) and 809.10(2)(b), Stats. 1987–88, which provide as follows:

the circuit court for Door county, Dennis Luebke, Circuit Judge. The circuit court entered a judgment of conviction on three of five counts of an information charging the defendant with theft and securities fraud, and in a separate order, dismissed the remaining two counts of the information.[2]

The court of appeals affirmed the order of dismissal, holding that sec. 974.05(2), Stats. 1987-88, grants the state only a limited right of appeal in criminal cases.[3]

The issue on review is whether secs. 974.05(2), 809.10(2)(b), Stats. 1987-88, and related statutes authorize the state to cross-appeal the circuit court's finding of not guilty and dismissal of a count in an information[4] when the defendant appeals the conviction

[2]Judge Luebke presided over the trial and decided the case. Michael S. Eberlein, Reserve Circuit Judge, signed the order of dismissal.

[3]The court of appeals issued two decisions: one affirmed the judgment of conviction, while the other dismissed the state's cross-appeal. The state's petition to review the court of appeals' dismissal of the cross-appeal is the only matter before this court.

[4]We use the terms "acquittal," "finding of not guilty," and "dismissal" interchangeably in this case because the circuit court used all three. The circuit court found the defendant "not guilty as to count three." The circuit court order dismissing count three stated that "the court acquitted the defendant on the above charges in counts three and four."

of other counts in the same information. We hold that the statutes do not authorize the state to cross-appeal the dismissal under the circumstances of this case.[5] Accordingly we affirm the decision of the court of appeals.

The facts of the case for purposes of this review follow. On February 26, 1986, the defendant, James D. Newman, was charged in a criminal complaint with five counts related to the sale of securities, including one count of theft by a bailee (count one), one count of selling securities through an unlicensed agent (count two), two counts of securities fraud (counts three and four), and one count of selling unregistered securities (count five).

After a bench trial ending November 25, 1987, the circuit court found the defendant not guilty of the two securities fraud counts and guilty of the remaining three counts. The judgment of conviction of counts one, two, and five was entered in January, 1988. On September 15, 1989, the circuit court rendered an order "*nunc pro tunc* to November 25, 1987*," dismissing the two securities fraud counts (counts three and four). The defendant appealed from the judgment of conviction of counts one, two, and five. The state filed a notice of cross-appeal from the judgment of conviction, viewing the judgment as a dismissal of count three.[6] The state argues that the

---

[5]We do not reach the double jeopardy issue raised by the parties and discussed by the court of appeals.

The defendant directs us to *Report to the Attorney General: Double Jeopardy and Government Appeals of Acquittals,* 22 U. Mich. J.L. Ref. 833 (1987), for a discussion of the double jeopardy implications of prosecutorial appeals of acquittals.

[6]In its notice of cross-appeal, the state asserted it "cross-appeals to the Court of Appeals, District III, from the judgment of the Circuit Court for Brown County, Dennis C. Luebke, Judge,

circuit court erred as a matter of law in finding the defendant not guilty of count three because it incorrectly ruled that specific intent to defraud was an element of the crime described in count three.[7]

We begin our inquiry by examining the nature of the right to appeal and to cross-appeal. Except in limited circumstances when the right to appeal is constitutionally guaranteed, the right to appeal is statutory, "whether civil or criminal, prosecution or defense."[8] While a criminal defendant's right to appeal is guaranteed by the Wisconsin Constitution, *State v. Perry,* 136 Wis. 2d 92, 98, 401 N.W.2d 748 (1987), the state's right to appeal and to cross-appeal is purely statutory.[9] A purpose of a cross-appeal is to avoid the necessity of two appeals.

---

entered January 22, 1988, convicting the defendant, James D. Newman, of one count of theft by a bailee and two counts of securities fraud, but not convicting him of two additional counts of securities fraud in violation of Wis. Stats. secs. 551.41(3) and 551.58."

[7]The state does not challenge the circuit court's finding the defendant not guilty of count four.

[8]*State v. Rabe,* 96 Wis. 2d 48, 58, 291 N.W.2d 809 (1980), *citing Thomas Van Dyken Joint Venture v. Van Dyken,* 90 Wis. 2d 236, 241, 279 N.W.2d 459 (1979); *State v. Beals,* 52 Wis. 2d 599, 605, 191 N.W.2d 221 (1971); *State v. Koopman,* 34 Wis. 2d 204, 206, 148 N.W.2d 671 (1967); *In re Fish,* 246 Wis. 474, 476, 17 N.W.2d 558 (1945).

[9]Professors LaFave and Israel note that "[i]t is a basic premise of American jurisprudence that absent specific statutory authorization, the prosecution lacks the right to appeal an adverse ruling in a criminal case." LaFave & Israel, *Criminal Procedure* Vol. 3, sec. 26.3, p. 209 (1984).

Because the right to appeal and cross-appeal is statutory, we must look to the relevant statutes to determine the parameters of the state's right to cross-appeal. The statutes that govern the state's right to cross-appeal refer to one another, so we construe them together:

1. Section 974.05(2), 1987–88, authorizes the state to cross-appeal;

2. Section 809.10(2)(b), establishes the procedure for cross-appeal, and establishes that cross appellants have the same rights and obligations as appellants;

3. Section 809.01(1), defines an appeal; and

4. Section 974.05(1), authorizes the state to appeal specified judgments or orders.

Since these appeal and cross-appeal statutes refer to each other and are interrelated, we must read them together to produce a harmonious whole. We therefore examine each provision in turn.

Section 974.05(2), Stats. 1987–88, authorizes the state to seek review of "rulings of which it complains" once the defendant appeals a judgment. Section 974.05(2) makes no reference, explicit or implicit, to the state's right to review an acquittal or file a cross-appeal from an acquittal. The statute provides:

> Section 974.05. **State's appeal. (2)** If the defendant appeals or prosecutes a writ of error, the state may move to review rulings of which it complains, as provided by s. 809.10(2)(b).

Because sec. 974.05(2) incorporates sec. 809.10(2)(b) by reference, we must examine sec. 809.10(2)(b), which provides:

> Section 809.10(2)(b). *Cross-appeal.* A respondent who seeks modification of the judgment or order

47

appealed from or of another judgment or order entered in the same action or proceeding shall file a notice of cross-appeal within the period established by law for the filing of a notice of appeal, or 30 days after the filing of a notice of appeal, whichever is later. A cross-appellant has the same rights and obligations as an appellant under this chapter.

Section 809.10(2)(b) emphasizes that a "*cross-appellant has the same rights and obligations as an appellant*" under chapter 809. We accordingly examine the pertinent "rights and obligations" of an appellant set forth in chapter 809.

Under chapter 809, an appellant is the person who files a notice of appeal, sec. 809.01(2), and an appeal is a "review in an appellate court by *appeal or writ of error authorized by law* of a judgment or order of a circuit court," sec. 809.01(1) (emphasis added). We read sec. 809.01(1) and (2) to mean that an appellant can seek review of a judgment or order only when authorized by law. We thus conclude that a cross-appellant, who has the rights of an appellant by virtue of sec. 809.10(2)(b), may cross-appeal only those judgments or orders that could be appealed under the law. The statutory scheme makes good sense, since no readily apparent distinction exists between direct appeals and cross-appeals that would give cross-appellants broader rights to appeal judgments and orders than appellants have.

Section 809.10(2)(b) thus connects the statute governing cross-appeals, sec. 974.05(2), with the statute governing appeals, sec. 974.05(1). We must accordingly examine the state's authorization under the law to appeal a judgment or order of a circuit court. Section 974.05(1) governs the state's right to appeal and enumer-

ates the types of judgments and orders the state may appeal: final judgments or orders made before jeopardy attaches, after waiver of jeopardy, or after the setting aside of a verdict of guilty or finding of guilty; orders granting postconviction relief under secs. 974.02 or 974.06; judgments and sentences or orders of probation not authorized by law; and orders or judgments that have the substantive effect of quashing an arrest warrant, suppressing evidence, or suppressing a confession or admission.[10]

The legislature limits the state's right to appeal to these specified judgments and orders and does not expressly authorize the state to appeal an order of acquittal or dismissal of a count after a finding of not guilty. Because the legislature authorized the state to cross-appeal only these judgments and orders described in sec. 974.05(1) and because sec. 974.05(1) does not permit an appeal from a finding of not guilty and a

---

[10]Section 974.05(1) provides:

Within the time period specified by s. 808.04(4) and in the manner provided for civil appeals under chs. 808 and 809, an appeal may be taken by the state from any:

(a) Final judgment adverse to the state made before jeopardy has attached or after waiver thereof or after the setting aside of a verdict of guilty or finding of guilty, whether following a trial or a plea of guilty or no contest.

(b) Order granting postconviction relief under s. 974.02 or 974.06.

(c) Judgment and sentence or order of probation not authorized by law.

(d) Order or judgment the substantive effect of which results in:

1. Quashing an arrest warrant;

2. Suppressing evidence;

3. Suppressing a confession or admission.

dismissal of a count, we conclude that the statutes preclude the state's cross-appeal in this case.

The state asserts, however, that its cross-appeal fits within the list of appealable judgments and orders enumerated in sec. 974.05(1). The state argues that even if the defendant had not appealed the judgment of conviction, the state still could have appealed the dismissal of count three pursuant to sec. 974.05(1)(a), which provides in pertinent part that the state can appeal from a "final order or judgment adverse to the state made . . . after the setting aside of a verdict of guilty or finding of guilty, whether following a trial or a plea of guilty or no contest."

The state argues that the circuit court's judgment should be treated as if the circuit court had entered a finding of guilty on count three and then set aside the finding on the grounds that scienter was a necessary element that had not been proven. The state believes that the statute "specifically reveals a legislative intent to allow appeal of those acquittals entered by a court after the facts necessary to establish guilt have been found in favor of the state by the trier of fact." State's Brief, page 15.

To fit this case into sec. 974.05(1)(a), the state recreates the record, arguing that the circuit court made findings "tantamount to a finding of guilt." We agree with the court of appeals that the circuit court never made an explicit finding of guilt on count three, so there was no guilty finding for it to set aside. The circuit court made findings with respect to elements of the offense, expressly found the defendant "not guilty" at the end of its analysis, and stated in its order that the defendant was acquitted. As the court of appeals recognized, the circuit court's decision in this case—not guilty—is not

the equivalent of a finding of guilty. We therefore conclude the state could not have appealed the dismissal under sec. 974.05(1)(a).[11]

We accordingly reject two theories offered by the state: that cross-appeals pursuant to sec. 974.05(2) are not bound by the restrictions imposed by sec. 974.05(1) on appeals; and that an acquittal in this case is "the setting aside of a finding of guilty" within the meaning of sec. 974.05(1)(a).

If we interpreted the statutes to authorize the state to appeal acquittals of counts in an information when the defendant has appealed convictions of other counts, defendants would jeopardize their acquittals simply by appealing their convictions. We do not believe the legislature intended to inhibit the defendants' rights to a "meaningful appeal" in this matter.

---

[11]Section 974.05(1)(a) was amended in 1977, to allow the state to appeal when the circuit court sets aside a verdict or finding of guilty, and to change the law as declared in *State v. Detco, Inc.,* 66 Wis. 2d 95, 223 N.W.2d 859 (1974). The commentary explains that under the new language the state will be able to appeal from a decision of a circuit court setting aside a verdict of guilty and dismissing the charges. Legislative Council Note, 1977, to sec. 974.05, explains:

> Such appeal used to be allowed by statute in Wisconsin but the statute was repealed by chapter 298 of the laws of 1971. The repeal was based on the concern that to allow such an appeal was unconstitutional in light of *Benton v. Maryland,* 395 U.S. 784 (1969), as violative of the double jeopardy clause of the United States Constitution. Such concern has recently been shown to be unfounded by the case of *United States v. Wilson,* 420 U.S. 332 (1975), which held that ". . . when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause."

West's Wis. Stats. Ann., sec. 974.05, p. 250 (1985).

Moreover, if we construed sec. 974.05(2) as the state asks, we might deter defendants from having their cases heard by the court instead of by a jury. Consider the case at bar: if the jury acquitted the defendant after the circuit court gave an allegedly improper instruction on the element of intent, the state could not appeal. The state asks this court to distinguish between a verdict of not guilty in a jury trial and a finding of not guilty at a bench trial. We do not believe the legislature intended to draw this distinction, since it might discourage defendants from choosing bench trials.[12]

The state expresses concern that unless the court adopts the interpretation it proposes, circuit court errors mandating acquittals may go uncorrected. Jury trials raise the same concern: a jury may find a defendant not guilty on an erroneous interpretation of the law. We do not believe the legislature intended to remedy the problem by allowing the state to cross-appeal the circuit court's finding of not guilty.

We conclude that sec. 974.05(2), read with secs. 809.10(2)(b), 809.01(2), and 974.05(1), does not authorize the state to appeal a circuit court's finding of not guilty and dismissal of a count when the defendant has appealed his conviction of other counts. We therefore affirm the decision of the court of appeals to dismiss the state's cross-appeal.

---

[12]At oral argument, the state maintained that it asked this court to distinguish not between bench trials and jury trials, but between findings of fact consistent with the defendant's guilt, and findings of fact consistent with the defendant's innocence. Whatever the label, the result is the same under the state's proposal: acquittals by jury would be final, while acquittals by the circuit court might be subject to appeal.

*By the Court.*—The decision of the court of appeals is affirmed.