Michael **ROWSEY**, Petitioner,

v.

Donald W. **GUDMANSON**, Respondent.

No. 99–C–258.

United States District Court,
E.D. Wisconsin.

July 6, 1999.

Michael Rowsey, Black River Falls, WI, petitioner pro se.

William L. Gansner, Assistant Attorney General, Madison, WI, for respondent.

## DECISION and ORDER

GORDON, District Judge.

Michael Rowsey, presently confined at the Jackson Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2242 and 2254 on March 16, 1999. By decision and order of April 6, 1999, I determined that Mr. Rowsey's petition survived scrutiny under Rule 4, Rules Governing Section 2254 Cases. The respondent was then directed to serve and file an answer to the petition or a motion to dismiss the petition. On May 12, 1999, the respondent filed an answer and a motion to dismiss the petition. The motion to dismiss will be granted.

In his motion, the respondent argues that the petition should be dismissed on the ground that it was not timely filed under 28 U.S.C.A. § 2244(d). Congress imposed a one-year period of limitation on state prisoners for the filing of petitions for writs of habeas corpus. *See* Sec. 101 of the Antiterrorism and Effective Death Penalty Act of 1996, ["AEDPA"] Pub.L. No. 104–132 Stat. 1214. The one-year period of limitation is codified in 28 U.S.C. § 2244(d), which provides:

(1) A 1–year period of limitation shall apply . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mr. Rowsey's federal habeas corpus petition challenges the constitutionality of his

September 14, 1993, state court conviction of first-degree reckless homicide in violation of Wis.Stats. § 948.02. It is undisputed that the petitioner did not pursue a direct appeal of his conviction in accordance with Wis.Stats. §§ 809.03 and 974.02. Rather, on April 3, 1997, more than three years after his conviction, he filed a pro se motion for post-conviction relief under Wis.Stats. § 974.06 in Milwaukee County circuit court, and that motion was denied on May 7, 1997. The circuit court's order was affirmed on August 20, 1998, by the Wisconsin court of appeals and on December 8, 1998, the supreme court of Wisconsin denied Mr. Rowsey's petition for review.

The time for Mr. Rowsey to seek direct state court review of his judgment of conviction expired 20 days after he was sentenced—on October 4, 1993—when he failed to commence a direct appeal in accordance with Wis.Stats. § 809.30. *See* Wis.Stats. § 809.30(2) (requires criminal defendants to file notice within 20 days of sentencing if they wish to seek any post-conviction relief); *State v. Harris*, 149 Wis.2d 943, 944, 440 N.W.2d 364 (1989). Thus, it appears that Mr. Rowsey's judgment of conviction became "final by the conclusion of direct appeal or the expiration of the time for seeking such review" on October 4, 1993. *See* 28 U.S.C. § 2244(d)(1)(A).

■ Because Mr. Rowsey's conviction was final before the effective date of the AEDPA—April 24, 1996—I must determine the applicability of the one-year statute of limitation under § 2244(d)(1) to his federal habeas corpus action. Where, as in the case of § 2244(d), a new statute of limitation is created that would bar pre-existing claims, the party must be given a reasonable time, or grace period, in which to file suit upon such claims. *Block v. North*, 461 U.S. 273, 286 n. 23, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982). In determining the appropriate grace period with re-

spect to pre-accrued claims under § 2254, the court of appeals for the seventh circuit has determined that "no collateral attack *filed by* April 23, 1997, may be dismissed under § 2244(d)." *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996) (en banc), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (emphasis added). The federal court of appeals concluded that the one-year period of limitation would not bar an action in which the petitioner's conviction became final before the effective date of the AEDPA so long as such action was filed on or before April 23, 1997.

■ What about a petitioner, like Mr. Rowsey, whose conviction was final before April 24, 1996, but who did not file a petition for habeas corpus relief in federal court until *after* April 23, 1997? In most circumstances, those petitions will be subject to the one-year statute of limitation under § 2244(d)(1) according to the court of appeals' ruling in *Lindh*. However, I do not interpret *Lindh* as holding that *all* petitions filed after April 23, 1997, are automatically subject to the one-year period of limitations. In my opinion, because the holding in *Lindh* was premised on a petitioner's "reliance interests," certain situations may warrant the extension of the grace period.

In the instant case, Mr. Rowsey filed his habeas corpus petition on March 16, 1999. Under *Lindh*, he is not automatically entitled to the exemption from the application of the one-year statute of limitation under § 2244(d)(1) because his petition was not filed on or before April 23, 1997. Further, because Mr. Rowsey has not addressed the argument raised by the respondent in his motion to dismiss pertaining to the limitation period under § 2244(d), I am unable to conclude that any reliance factors unique to his case warrant an extension of the grace period established in *Lindh*. Therefore, under the statute of limitation in § 2244(d)(1), Mr. Rowsey's petition should have been filed within one-year of October 4, 1993—the date on which his

state judgment of conviction became final. 28 U.S.C. § 2244(d)(1)(A).

The respondent contends, without citation to any authority, that (emphasis added) "Rowsey's one-year period for filing his habeas corpus petition *began to run* on April 24, 1996, the AEDPA enactment date." I disagree. The court of appeals' decision in *Lindh* was limited to determining the date on which the one-year period of limitation under § 2244(d)(1) would begin to *apply* to claims which accrued before the effective date of the AEDPA. Contrary to the respondent's suggestion, the court in *Lindh* did not alter the date which is used for calculating the running of the one-year limitation period which, under § 2244(d)(1)(a), is the "date on which the judgment became final...."

Pursuant to the respondent's interpretation, petitioners with claims that accrued prior to April 24, 1996 and who did not file their federal habeas corpus action until after April 23, 1997, would get the benefit of a one-year exemption from the application of the statute of limitations as well as a new date from which the one-year period would be calculated under § 2244(d)(1)(A). I find no support in *Lindh* for the proposition advanced by the respondent.

As stated previously, the one-year period of limitation began running in connection with Mr. Rowsey's federal habeas corpus action on October 4, 1993. Under § 2244, the one-year period of limitation expired on October 3, 1994. Moreover, Mr. Rowsey is not entitled to take advantage of the tolling provision of § 2244(d)(2) since he did not file any state post-conviction motions or other collateral review until April 3, 1997—more than two years after the expiration of the one-year period of limitation on October 3, 1994. Thus, Mr. Rowsey's petition is untimely under § 2244.

■ Mr. Rowsey's petition would still be considered untimely if the court had accepted the respondent's proposition that Mr. Rowsey's one-year period of limitation

began to run on April 24, 1996. Under this scenario, the one-year period of limitation would have been tolled on April 3, 1997—21 days before the expiration of the one-year limitation period—when he filed his state court motion for collateral relief under Wis.Stats. § 974.06. The 21-day remainder of the one-year limitation period would have begun to run again on December 9, 1998,—the day after the Wisconsin supreme court denied his petition for review—and would have expired on December 30, 1998. Because Mr. Rowsey's federal habeas corpus petition in this case was not filed until March 16, 1999, more than two months after the expiration of the one-year period of limitation as calculated by the respondent, it would have been untimely under § 2244.

Accordingly, Mr. Rowsey's petition for a writ of habeas corpus will be dismissed as untimely under § 2244(d)(1).

Therefore, IT IS ORDERED that the respondent's motion to dismiss be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed, with prejudice.