STATE of Wisconsin,
Plaintiff-Appellant-Cross-Respondent,

v.

Keith E. WILLIAMS,
Defendant-Respondent-Cross-Appellant.

Court of Appeals

*No. 2005AP453–CR. Submitted on cross-appellant's motion
May 6, 2005.—Decided May 18, 2005.*

2005 WI App 122

(Also reported in 699 N.W.2d 249.)

On behalf of the defendant-respondent-cross-appellant, the cause was submitted on the cross-appellant's motion for an extension of time to file notice of cross-appeal of *Christopher William Rose* of *Rose & Rose*, Kenosha.

On behalf of the plaintiff-appellant-cross-respondent, the cause was submitted on the memorandum in response of *James M. Freimuth*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. PER CURIAM. The State appeals from an order granting Keith E. Williams a new trial. Williams moves to extend the time for filing a notice of cross-appeal. We conclude that because Williams initiated postconviction proceedings under Wis. Stat. Rule 809.30 (2003–04),[1] the time for filing a notice of cross-appeal may be extended. We grant the motion to extend the time and confirm jurisdiction over the cross-appeal.

¶ 2. Williams was convicted of second-degree sexual assault and false imprisonment. He filed a motion for postconviction relief under Wis. Stat. Rule 809.30(2)(h). The circuit court granted a new trial in the interests of justice and on January 28, 2005, en-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

489

tered an order vacating the judgment of conviction. On February 16, 2005, the State filed a notice of appeal. Williams's motion for an extension of time to file a notice of cross-appeal suggests that the time for filing a notice of cross-appeal expired on or about March 16, 2005. *See* WIS. STAT. RULE 809.10(2)(b) ("A respondent who seeks a modification of the judgment or order appealed from or of another judgment or order entered in the same action or proceeding shall file a notice of cross-appeal within the period established by law for the filing of a notice of appeal, or 30 days after the filing of a notice of appeal, whichever is later."). Williams explains that it recently became apparent that a cross-appeal is necessary to obtain review of other issues in the event the circuit court's decision granting a new trial is reversed.[2] He asserts that the extension can be granted because this is a felony appeal under RULE 809.30.

■

¶ 3. WISCONSIN STAT. RULE 809.82(2)(b) provides that the time for filing a notice of appeal or cross-appeal of a final judgment or order may not be enlarged except in an appeal under WIS. STAT. RULE 809.30. The State's right to appeal in a criminal matter is statutorily

---

[2] We take no position on whether a cross-appeal is necessary to obtain review of other issues raised in the postconviction motion. A respondent need not file a cross-appeal "when the error complained of, if corrected, would sustain the judgment, order, or portion thereof appealed from" on an alternative ground. *State v. Alles*, 106 Wis. 2d 368, 391, 316 N.W.2d 378 (1982). As the State observes in its response to the motion to extend the time to file a notice of cross-appeal, without filing a cross-appeal Williams may raise in his respondent's brief any adverse ruling that, if erroneous, would provide an alternative justification for a new trial.

defined. *See State v. Newman,* 162 Wis. 2d 41, 46, 469 N.W.2d 394 (1991). Here, the State appeals pursuant to Wis. Stat. § 974.05(1)(b). At first blush this is not an appeal brought under Rule 809.30.

¶ 4.  However, as the State points out, the jurisdiction of the circuit court was initially invoked by the motion for postconviction relief under Wis. Stat. Rule 809.30(2)(h). Williams's right to appeal or to cross-appeal stems from his pursuit of postconviction relief under Rule 809.30. The time for a person[3] to take various steps in pursuing postconviction relief under Rule 809.30, including the time for filing a notice of appeal, can be extended. *See State v. Harris,* 149 Wis. 2d 943, 946, 440 N.W.2d 364 (1989). The filing of a notice of cross-appeal is a continuation of the pursuit of postconviction relief under Rule 809.30. Thus, the time for a person to file a notice of cross-appeal from the Rule 809.30(2)(i) postconviction order can be extended.

¶ 5.  Applying the same procedures to the defendant's right to appeal and to cross-appeal comports with due process. *See Harris,* 149 Wis. 2d at 947 n.5. It also preserves the defendant's constitutional right to raise possible error on appeal. *See State v. Perry,* 136 Wis. 2d 92, 99, 401 N.W.2d 748 (1987) ("Any failure of the appellate process which prevents a putative appellant from demonstrating possible error constitutes a constitutional deprivation of the right to appeal.").

---

[3] Wisconsin Stat. Rule 809.30(1)(b) defines "person" to be a defendant seeking postconviction relief in a criminal matter and does not include the State. The State's time to appeal in a criminal matter may not be extended.

¶ 6. Williams has established good cause for an extension of time to file a notice of cross-appeal. *See* WIS. STAT. RULE 809.82(2)(a). The time for filing the notice of cross-appeal is extended to April 19, 2005, the day the notice was actually filed.

*By the Court.*—Motion granted.